CARMICHAEL, APPELLANT, *v.*
COLONIAL SQUARE APARTMENTS,
APPELLEE, ET AL.

(No. 86AP-819—Decided
April 14, 1987.)

*Richard F. Swope,* for appellant.
*Denmead, Blackburn & Willard,
Robert Willard* and *Rosemary L. Sova,*
for appellee.

BOWMAN, J. In November 1984, appellant, Paul Carmichael, Sr., was a tenant in an apartment located in a multi-unit building at 1480 West Rich Street pursuant to a written lease with appellee, Colonial Square Apartments. Appellant's apartment was located on the second of three floors in the building. Entrance into appellant's apartment was from an interior common hallway. The door into appellant's apartment was equipped with a safety chain, lock, peephole and a dead bolt, and there was some lighting in the hallways. In August 1984, appellant was notified by appellee of its intent to install a security system of locked outside doors connected to an alarm and buzzer system that would require any-one not having a key for the building to have the front door released from inside the building. By November 1984, the side door locks had been installed but the buzzer system at the front door had not been installed.

At approximately 8:30 p.m., in November 1984, appellant was awakened by the sound of the doorbell and, thinking it was an elderly tenant across the hall who frequently requested his assistance, opened the door without looking through the peephole or securing the safety chain. At the time appellant started to open the door a shotgun was shoved between the door and the door frame, making it impossible for appellant to slam the door. The unknown intruder forced his way into the apartment and appellant was assaulted and robbed. The intruder gained entrance into appellant's apartment from the common hallway.

Appellant filed suit alleging that appellee was negligent by failing to provide security in the common areas of the building and failing to complete the installation of a planned security system, and that such negligence was the proximate cause of appellant's injuries. Appellee's motion for summary judgment was sustained by the Franklin County Court of Common Pleas.

Appellant has appealed setting forth the following assignment of error:

"The trial court erred in sustaining defendant-appellee's motion for summary judgment as there are issues of material facts to be decided by the trier of facts and the defendant-appellee is not entitled to judgment as a matter of law."

In *Keister* v. *Park Centre Lanes* (1981), 3 Ohio App. 3d 19, 3 OBR 20, 443 N.E. 2d 532, syllabus, the Court of Appeals for Stark County held:

"To defeat a motion for summary judgment filed by defendant in a negligence action, plaintiff must identify a

duty, or duties, owed him by the defendant, and the evidence must be sufficient, considered most favorably to the plaintiff, to allow reasonable minds to infer that a specific duty was breached, that the breach of duty was the proximate cause of plaintiff's injury, and that plaintiff was injured."

In *Sciascia* v. *Riverpark Apts.* (1981), 3 Ohio App. 3d 164, 3 OBR 188, 444 N.E. 2d 40, the issue was whether criminal activity in an apartment complex constituted a constructive eviction so as to relieve a tenant from the requirement of giving thirty days' notice prior to vacating the premises. This court held that in the absence of an express provision in a lease placing upon the landlord or the tenant a duty to provide security from criminal activity and where the landlord provides reasonable security measures, there is no constructive eviction of a tenant who is victimized by criminal activity. *Id.* at syllabus. This court further stated that while the landlord has some duty to provide secure common areas in an apartment complex, he is not an insurer of the premises against criminal activity. *Id.* at 166, 3 OBR at 190, 444 N.E. 2d at 42. Thus, the duty on the landlord is only to take some reasonable precautions to provide reasonable security. In this instance, appellee did take reasonable precautions to provide for the tenant's security. Appellee was in the process of installing a security system for outside entrances into the building. Appellee had installed locks for outside doors, but had not yet completed installation of a "telephone" buzzer system. Appellant's individual apartment was equipped with two locks, a chain and peephole.

In *Shroades* v. *Rental Homes* (1981), 68 Ohio St. 2d 20, 22 O.O. 3d 152, 427 N.E. 2d 774, the Ohio Supreme Court appears to have extended a landlord's duty pursuant to R.C. 5321.04 to leased areas as well as common areas. However, the issue before the court in *Shroades,* as well as the cases cited therein, pertained to maintenance of the structure and a duty to repair structural defects and not to protect against the criminal activity of a third party. Appellant has cited no Ohio authority for the proposition that a landlord is liable to a tenant for damages caused by the criminal activity of a third party.

Appellant urges this court to adopt the reasoning in *Kline* v. *1500 Massachusetts Ave. Apt. Corp.* (C.A. D.C. 1970), 439 F. 2d 477, and *Paterson* v. *Deeb* (Fla. App. 1985), 472 So. 2d 1210, to impose a mandatory duty on landlords to provide common areas with a locked security system. However, both of these cases differ from the present case in several important respects. In *Kline,* the landlord had actual as well as constructive notice of specific instances of criminal acts against particular tenants but did nothing to secure the common areas; here, appellant's deposition contained only general references to criminal acts. In *Kline,* the tenant was attacked in a common hallway not in her leased apartment; here, appellant was assaulted in his apartment. At the time the tenant in *Kline* leased her apartment there was a security system in place including a twenty-four-hour doorman, at least one employee on duty at the lobby desk, and two parking garage attendants. Gradually, during the term of her lease, these security measures were removed and crimes against tenants increased. The police investigation of the assault in *Kline* established the assailant entered the building from a common area; here, there was no evidence of how the assailant entered the building. The court in *Kline* concluded that the landlord was required to maintain the same degree of security as existed in the building at the time the tenant leased

the premises; here, appellee was in the process of improving the security in the common areas of the building. In *Paterson,* the Florida Landlord-Tenant Act specifically required landlords to provide locks and keys for common areas as well as for the leased premises. In Ohio, there is no such requirement under the Landlord-Tenant Act, R.C. Chapter 5321.

To the extent *Sciascia* requires a landlord to provide reasonable security to tenants, appellee has complied with that duty.

Even assuming appellee breached a duty to provide reasonable security, appellant has failed to present any evidence upon which reasonable minds could differ that its failure was the proximate cause of his injuries.

There was no evidence to show how the unknown intruder entered the building or that a locked front door would have prevented such entry. There was no evidence other than speculation on the part of appellant that the intruder entered from an outside door. The only evidence was that the intruder gained entrance into appellant's apartment when appellant himself opened the door. At the time of the assault and robbery appellant knew installation of the security system had not been completed. Yet, knowing the security system was not yet completely installed, appellant still opened the door without making use of the security devices provided by the landlord.

Appellant has failed to establish any genuine issues of material fact as to the duty on the part of the landlord to provide security and, even assuming that such a duty was breached, the landlord's breach of that duty was the proximate cause of his injury.

For the foregoing reasons, appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

MCCORMAC and BRYANT, JJ., concur.