**BARBER, Appellant,**

v.

**MID–TOWNE ASSOCIATES et al., Appellees.**

[Cite as *Barber v. Mid–Towne Assoc.* (1990), 62 Ohio App.3d 384.]

Court of Appeals of Ohio,
Hamilton County.

No. C–890083.

Decided Jan. 24, 1990.

*Winnie L. King,* for appellant.

*Joseph W. Gelwicks* and *Scott G. Oxley,* for appellees.

---

*Per Curiam.*

This cause came on to be heard upon an appeal from the decision of the Hamilton County Court of Common Pleas.

Plaintiff-appellant, Carrie Barber, in her sole assignment of error, claims that the trial court erred when it granted summary judgment in favor of her lessor and its management company, defendants-appellees Mid–Towne Associates ("Mid–Towne") and Queen City Management, Inc. ("Queen City").

Barber, an elderly woman, was injured when another tenant, Ted Protich, fell on her in the lobby of their apartment building. Deposition testimony indicates that Protich had been observed by Queen City's employees staggering in a state of intoxication on prior occasions. Shortly before the accident, Protich was told by the receptionist to return to his apartment because he was once again drunk and staggering in the lobby. No further steps were taken by Mid–Towne and Queen City to remove Protich from the common area.

Barber contends that summary judgment was improperly granted because questions of material fact remained to be resolved at trial as to whether a specific duty was breached by Mid–Towne and Queen City and whether the breach was the proximate cause of Barber's injury. The contention is not well taken because the landlord and the building manager were not under a common-law duty to perform acts beyond their ability lawfully to control or restrain the inebriated tenant.

In general, legal responsibility follows legal control in landlord-tenant relationships. Cf. *Thomas v. Hart Realty, Inc.* (1984), 17 Ohio App.3d 83, 85, 17 OBR 145, 146, 477 N.E.2d 668, 670, citing 2 Restatement of the Law 2d, Torts (1965) 250–254, Sections 360 and 361. Protich was lawfully present in the common area of the apartment building, and the record fails to demonstrate that he had committed any violations of the law or of his lease prior to the accident which would have enabled the landlord or the building manager to command his removal. Further, R.C. 5321.04 cannot be construed to extend to the facts of this case in which no structural defect existed in the premises. See *Carmichael v. Colonial Square Apts.* (1987), 38 Ohio App.3d 131, 132, 528 N.E.2d 585, 587. The judgment of the trial court is, therefore, affirmed.

*Judgment affirmed.*

SHANNON, P.J., and GORMAN, J., concur.

HILDEBRANDT, J., dissents.

HILDEBRANDT, Judge, dissenting.

I respectfully dissent.

The majority opinion cites *Carmichael v. Colonial Square Apts.* (1987), 38 Ohio App.3d 131, 528 N.E.2d 585, for the proposition that R.C. 5321.04 applies only to physical defects of a premises. The facts and holding of that case, however, are of interest when compared to the cause *sub judice*. In *Carmichael*, an assailant armed with a shotgun forced his way into the plaintiff's apartment from a common hallway, and assaulted and robbed the plaintiff. At the time of the assault, the landlord was in the process of installing a security system on the main entrance of the apartment building, but had not yet completed the installation.[1] The tenant sued the landlord for negligence in failing to provide security to the common areas of the apartment building. In affirming the trial court's grant of summary judgment in favor of the landlord, the Court of Appeals for Franklin County observed:

" * * * [W]hile the landlord has some duty to provide secure common areas in an apartment complex, he is not an insurer of the premises against criminal activity. * * * Thus, the duty on the landlord is only to take some reasonable precautions to provide reasonable security." *Id.* at 132, 528 N.E.2d at 586 (citation omitted).

The court reasoned that, even if the landlord had breached its duty to provide reasonable security, the granting of summary judgment was proper because the tenant failed to present any evidence upon which reasonable minds could differ concerning whether such breach was the proximate cause of the tenant's injuries. There was no evidence which demonstrated how the *unknown* intruder entered the apartment building or whether a locked front door would have prevented such entry. *Id.* at 133, 528 N.E.2d at 587.

I find the reasoning of *Carmichael* and its predecessor, *Sciascia v. Riverpark Apts.* (1981), 3 Ohio App.3d 164, 3 OBR 188, 444 N.E.2d 40, that a landlord has some duty reasonably to provide secure common areas in an apartment complex, to be persuasive under the present set of facts. This court has previously stated in *Thomas v. Hart Realty, Inc.* (1984), 17 Ohio App.3d 83, 84, 17 OBR 145, 146, 477 N.E.2d 668, 670, that there is "no common-law duty imposed by Ohio case law on landlords to afford reasonable protection against entry into separately rented apartments in a multiple occupancy building, even in the face of foreseeable entries in a 'high crime area.'" This court in *Thomas*, however, proceeded to note that the case before it did "not involve criminal entry through, or criminal activity in,

---

1. Although the door of the tenant's apartment was equipped with two locks, a chain lock and a peephole, the tenant failed to ascertain the caller's identity before opening the door.

common entrances, hallways or other parts of the building under the control of the landlord." *Id.* In the instant cause, the lobby of the apartment building was clearly under the control of the landlord and its management company.

In the cause *sub judice,* the record demonstrates that the appellees were on notice that Protich was staggering around a common area frequented by elderly residents. Applying the reasoning of *Carmichael* to the instant case, I am convinced that such knowledge creates a genuine issue of material fact as to whether Protich posed a reasonably foreseeable danger to the other tenants and, if so, whether there was some reasonable precaution by which the appellees could have legally removed the danger. A further question of material fact—whether the appellees' failure to take precautions constituted a breach of duty which was an intervening, proximate cause of the appellant's injuries—should also preclude summary judgment. See *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274; Civ.R. 56(C).

Accordingly, I would reverse the judgment of the court below and remand this cause for trial.