While I concur with the majority that the trial court's decision as to the claims in contract and tort against National Security Consultant (NSC) should be reversed and the contract action against OVM is properly affirmed, I must dissent with the majority in its affirmance of the trial court's decision as regards the tort action against Ohio Valley Mall (OVM). For the reasons which follow, I believe that Appellant raised sufficient issues of fact to overcome summary judgment on this issue and thus, that the trial court's decision to grant summary judgment to OVM on the tort claims should be reversed.
In reviewing this aspect of the lower court's decision, a court of review must first look to OVM's duty in tort to protect Appellant based on the foreseeability of the attack.
OVM and the majority here properly concede that in order for OVM, as the property owner, to owe a duty to Appellant to protect her from the criminal attack of a third party which occurred on the premises owned by OVM, the attack must have been foreseeable.Federal Steel and Wire Corp. v. Ruhlin Constr. Co. (1989), Ohio St.3d 171. This duty was articulated in Howard v. Rogers (1969),19 Ohio St.2d 42, where the Court held that due to the, "special relationship between a business and its customer, a business may be subject to liability for harm caused to such a business invitee by the conduct of third persons that endangers the safety of such invitee." Id. at syllabus. However, a business or a land owner is not an insurer of the safety of its invitees while they are on its premises and a duty to protect invitees from the criminal acts of third parties does not arise if the business or land owner, "does not, and could not in the exercise of ordinary care, know of a danger which causes injury to [its] business invitee." Id. at syllabus. As the majority readily acknowledges, Appellant presented sufficient evidence to create a genuine issue of material fact as to this element.
On review we must next turn to OVM's tort duty to protect Appellant from the criminal acts of a third party based on the OVM-Department of Human Services lease. Appellant incorrectly argues that the lease between OVM and Appellant's employer, the Department of Human Services, also created a duty for OVM to protect her from criminal attacks by third parties. Appellant further argues that a breach of that duty would support a finding of tort liability against OVM. For the reasons set out by the majority in its discussion of Appellant's contract claim against OVM, OVM owed no duty to Appellant based on the contractual relationship between OVM and the Department of Human Services.
Where the majority opinion and the dissent diverge is in OVM's argument that, acknowledging it owes Appellant a duty to protect her, it fulfilled that duty by hiring a security company, NSC, to patrol the premises. Citing Carmichael v. Colonial Square Apts.
(1987), 38 Ohio App.3d 131, OVM maintains, and the majority apparently agrees, that its only obligation is to provide reasonable security and since it hired NSC for that very purpose, it is entitled to judgment as a matter of law.
I would hold that OVM and the majority's reliance on Carmichael
is misplaced. As a preliminary matter, Carmichael dealt with the application of the Ohio Landlord-Tenant Act as codified in R.C. Chapter 5321. This Chapter does not apply to events which occur on commercial property. Additionally, the Carmichael court, in affirming summary judgment for the apartment complex, noted that the plaintiff had failed to produce any evidence whatsoever to challenge the reasonableness of the security provided. Id. at 132. As such, the plaintiff in that case failed to meet his reciprocal burden mandated by Civ.R. 56 in opposing a motion for summary judgment.
In the matter at hand, Appellant provided sufficient evidence to create an issue of fact as to whether the security provided by OVM was reasonable. Appellant submitted NSC's own records pertaining to the criminal activity in the area and also provided records from the Youngstown Police Department reflecting the types and numbers of crimes reported to which the police responded. Evidence was also produced tending to indicate that OVM had directed NSC to provide for only one patrol car to be used at two separate locations. (Deposition of Cynthia London, p. 26).
In light of the circumstances of this case and the evidence proffered by Appellant, the land owner's duty of ordinary care may require additional security measures to protect its tenants from foreseeable criminal attacks. The Pub, supra. citing King v.Lindsay (1993), 87 Ohio App.3d 383, 387. At the very minimum, there exist genuine issues of material fact as to whether the security measures taken by OVM were reasonable. Id; Knor, supra
at 187 (holding that the issue of whether the property owner provided reasonable security was a factual question to be resolved at trial)
Since different conclusions and inferences may be drawn from the evidence presented, summary judgment was not appropriate. As such, I would hold that the trial court erred by granting summary judgment in favor of OVM as to Appellant's tort claim.
For the foregoing reasons, I concur with the majority in their holdings as to both the contractual and tort liability of NSC, concur with regards to the contractual liability of OVM, but must dissent with their reasoning and with the application of the relevant law as to the majority's decision regarding the tort liability of OVM. I would reverse the trial court decision granting summary judgment on that issue.
APPROVED:
 ___________________________________ CHERYL L. WAITE, Judge