JOURNAL ENTRY AND OPINION
Appellant, Rick Lewellyn, appeals from the judgment of the Cuyahoga County Court of Common Pleas, granting summary judgment in favor of appellees, Cleveland Network Housing and Detroit Shoreway Community Development Organization ("Detroit Shoreway").
In June of 1998, appellant lived in a four-unit apartment house located at 1424 West 57th Street, Cleveland, Ohio. The property is owned by appellee Cleveland Network Housing and is managed by appellee Detroit Shoreway. On June 30, 1998, appellant was assaulted by Paul Williams, who was living with Mary Holloway, another tenant of the apartment house. Williams was not authorized to live in the apartment house because he had not been approved as an additional tenant on Holloway's lease.
In the winter of 1998, prior to the assault, appellant had notified the property manager that he suspected that Williams was physically abusing Holloway. On June 7, 1998, the property manager notified Holloway that she was in violation of her lease and requested that all unauthorized occupants leave the premises. On June 24, 1998, after receiving a phone call from Holloway's daughter in which she voiced her concern about her mother's abusive relationship with Williams, the property manager spoke to Holloway and told her that she was in violation of her lease. The property manager informed Holloway that she would have to place Williams on the lease if she wanted him to live there. On June 29, 1998, Holloway called the property manager and told her that she did not want to place her boyfriend on the lease because they had broken up. The property manager indicated in the resident contact log that she did not believe her and that Holloway's apartment would be inspected to see if Williams was living there. The next day Williams attacked appellant.
The altercation between appellant and Williams occurred after appellant approached Williams and Holloway in the front yard of the apartment house while they were having an argument. Appellant told Williams to leave the property or he would call the police. As appellant walked to the back door of his apartment, Williams assaulted him on the back porch.
On June 29, 1999, appellant filed a complaint against Paul Williams and appellees alleging that "as a sole direct and proximate result of the negligent and/or intentional actions of Defendant, Paul Williams, Plaintiff, Rick Llewellyn, has suffered severe physical and mental injuries which are permanent in nature." Appellant further alleged that appellees "were negligent and inadequately maintained and secured its property * * * causing the Plaintiff, Rick Lewellyn to incur injuries." On March 20, 2000, appellees filed a motion for summary judgment supported by the deposition testimony of appellant. In their motion, appellees argued that they had no duty to protect appellant from Williams. In response, appellant argued that appellees violated their common law duty to take reasonable precautions to provide reasonable security because they had notice of the threat that Williams posed to him. On July 26, 2000, the trial court granted summary judgment in favor of appellees. On August 30, 2000, the trial court entered a default judgment against Williams. From the trial court's grant of summary judgment, appellant assigns the following error:
 I. THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANTS UPHELD THEIR COMMON LAW DUTY "TO TAKE REASONABLE PRECAUTIONS TO PROVIDE REASONABLE SECURITY IN THE COMMON AREAS" OF THEIR APARTMENT BUILDINGS.
In appellant's sole assignment of error, he contends that appellees breached their duty to provide reasonable security and their breach of duty was the proximate cause of his injuries. Appellant asserts that appellees had a duty to protect him from Williams because they knew that Williams had violent tendencies and should have known that he posed a threat to appellant.
As stated by the Fifth Appellate District in Keister v. Park CentreLanes (1981), 3 Ohio App.3d 19, 443 N.E.2d 532:
 To defeat a motion for summary judgment filed by defendant in a negligence action, plaintiff must identify a duty, or duties, owed him by the defendant, and the evidence must be sufficient, considered most favorably to the plaintiff, to allow reasonable minds to infer that a specific duty was breached, that the breach of duty was the proximate cause of plaintiff's injury, and that plaintiff was injured.
A landlord has some duty to provide secure common areas in an apartment complex; however, he is not an insurer of the premises against criminal activity. The landlord's duty is to provide some reasonable precautions to provide reasonable security. Carmichael v. Colonial Square Apartments
(1987), 38 Ohio App.3d 131, 132, 528 N.E.2d 585.
In the instant case, we cannot conclude that appellees breached their duty to provide reasonable security. Appellant presented no evidence that appellees failed to provide reasonable security at the apartment house or that certain security measures, if taken, would have prevented the assault by Williams. Although appellant asserts that appellees had notice of Williams's violent tendencies and should have taken steps to protect appellant from the harm posed by Williams, appellant does not point to any evidence that appellees should have known that Williams posed a threat to him. Appellees only had notice that Williams posed a threat to Holloway, and they were in the process of having him removed from her apartment when the assault on appellant occurred. Furthermore, appellant most likely would not have been assaulted by Williams if he had called the police instead of choosing to confront Williams himself. Because reasonable minds cannot infer that appellees breached a specific duty to appellant, the trial court did not err by granting summary judgment in favor of appellees. Appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., AND TERRENCE O'DONNELL, J., CONCUR.