JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant Cleveland Scruggs appeals from the trial court's decision to grant summary judgment to defendantappellee Cherry Tree Village apartments on Scruggs' claim of negligence.
 {¶ 2} Scruggs asserts he provided evidence sufficient to establish genuine issues of material fact with regard to appellee's duty to protect him from the criminal acts of third parties on its premises. This court cannot agree; consequently, the trial court's order is affirmed.
 {¶ 3} Scruggs sought damages for injuries he received as a result of an incident that occurred on the night of November 24, 2002.[1] Scruggs at that time stayed as a guest of a tenant who lived in a second-floor unit in one of the buildings of appellee apartment complex. The apartment complex is located on Whitney Road in Strongsville, Ohio.
 {¶ 4} According to his deposition testimony, Scruggs had exited the building and walked toward the parking lot, intending to travel to a nearby convenience store. A vehicle approached him, so he waited on the sidewalk for it to pass. However, the driver of the vehicle and his passenger "cracked" the windows and began "pointing" and "cussing" at Scruggs. The men were strangers. He decided to retreat, but before he could turn back toward the building, he heard the passenger say, "Let's get him."
 {¶ 5} The two men caught Scruggs after he had entered the door to the building's vestibule area; he had not yet entered the building's security door which led into the interior. They struck him repeatedly, then pulled him outside, propelling him toward their vehicle. Scruggs tore himself away, ran to his own vehicle, climbed inside, then escaped, striking one of his assailants in the process. Scruggs drove to the emergency room of a nearby hospital, where he was treated for injuries he suffered in the attack.[2]
 {¶ 6} Scruggs subsequently filed the instant action against appellee, alleging his injuries proximately were caused by appellees' negligence. Specifically, Scruggs alleged appellee had failed in its "duty to take such precautions as are reasonably necessary to protect its Tenants * * * from criminal attacks in the building which were reasonably foreseeable." He listed the following as "reasonable precautions" appellee should have taken in order to protect "the safety of tenants and their guests": 1) security guards; 2) patrolling of the premises; 3) adequate lighting of the premises; 4) electronic surveillance; and 5) monitoring of the entrances of the buildings.
 {¶ 7} After obtaining discovery, appellee filed a motion for summary judgment. Appellee argued Scruggs could not demonstrate it had breached any duty of care toward him, and attached to its motion two supporting evidentiary exhibits, viz., the affidavit of its general manager, Dick Devaney, and relevant portions of Scruggs' deposition testimony.
 {¶ 8} Scruggs responded with a brief in opposition, to which he attached his own affidavit. Scruggs averred that he previously had been a tenant at the apartment complex, and that to his knowledge, appellee "failed sufficient[ly] to insure the safety of the tenants and guests" by means of: 1) security guards patrolling the premises; 2) lighting of the premises sidewalks; and, 3) maintenance of adequate electronic surveillance of the premises, including the building entrances.
 {¶ 9} The trial court ultimately granted appellee's motion. Scruggs' appeal presents the following sole assignment of error for review:
 {¶ 10} "The trial court erred as a matter of law in granting the appellee, Cherry Tree Village's motion for summary judgment."
 {¶ 11} Scruggs argues his affidavit was adequate to raise genuine issues of material fact which precluded judgment in appellee's favor on his claim of negligence. Scruggs' argument, however, is unpersuasive.
 {¶ 12} Summary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try. Norris v. OhioStandard Oil Co. (1982), 70 Ohio St.2d 1. In this case, Scruggs alleged appellee's negligence proximately caused the injuries he suffered when he was attacked by assailants in appellee's parking lot.
 {¶ 13} A properly-supported motion for summary judgment forces the non-moving party to produce evidence on any issue for which that party bears the burden for production at trial. Dresher v. Burt,75 Ohio St.3d 280, 1996-Ohio-107; Wing v. Anchor Media, Ltd. of Texas
(1991), 51 Ohio St.3d 108. When the defendant, as the moving party, furnishes evidence which demonstrates that the plaintiff has not established the elements necessary to maintain his negligence action, summary judgment properly is granted in favor of defendant. Keister v.Park Centre Lanes (1981), 3 Ohio App.3d 19.
 {¶ 14} The court may not weigh the evidence, but instead is required to construe the competent evidence most strongly in the nonmoving party's favor. Civ.R. 56(C). Nevertheless, not every factual issue is material.Buckeye Union Ins. Co. v. Consol. Stores Corp. (1990), 68 Ohio App.3d 19,22.
 {¶ 15} In order to establish a cause of action in negligence, one first must show the existence of a duty of care. Jeffers v. Olexo
(1989), 43 Ohio St.3d 140, 142. Whether a duty of care is owed by defendant to plaintiff is a question of law. Reitz v. May Co. Dept.Stores (1990), 66 Ohio App.3d 188, 192.
 {¶ 16} An owner or landlord has a duty to take reasonable precautions to provide reasonable security to tenants and their guests. Carmichaelv. Colonial Square Apts. (1987), 38 Ohio App.3d 131, 132. The owner or landlord ordinarily is under no duty to exercise more than reasonable care for the safety of a visitor against the conduct of third persons unless it "knows or has reason to know that the acts of the third person are occurring or are about to occur." Howard v. Rogers (1969),19 Ohio St.2d 42. Thus, this court has held that the foreseeability of criminal acts upon the premises depends upon the knowledge of the defendant/owner-orlandlord, which must be determined from the totality of the circumstances. Doe v. Beach House Devel. Co. (2000),138 Ohio App.3d 573, citing Reitz v. May Co. Dept. Stores, supra.
 {¶ 17} In this case, appellee provided evidence that demonstrated it provided reasonable security measures for the safety of visitors to its premises. Devaney stated in his affidavit the following: 1) the apartment complex "had both interior and exterior lighting and * * * the buildings had locked exterior doors with an intercom system for guests of tenants;" 2) officers of the Strongsville Police Department patrolled the premises as part of their overall duties for the city; 3) the area was not known as a "high crime area;" and, 4) he was aware of no incidents of criminal assaults occurring at the premises prior to November 24, 2002.
 {¶ 18} Moreover, although Scruggs averred that appellee should have taken what amounted to more than reasonable precautions, he provided no evidence to support his averment. He admitted the common areas were lighted, the buildings had locked security doors and a "buzzer" system for access, each building had a custodian who lived in it, he was aware of no other criminal acts that occurred at the complex, and the incident that occurred to him was very sudden and unexpected.
 {¶ 19} Since no evidence before the trial court established that a criminal attack on Scruggs reasonably was foreseeable by appellee, the trial court properly granted summary judgment to appellee on Scruggs' claim. Carmichael v. Colonial Square Apts., supra; Askew v. ABC CheckCashing, Inc. (Oct. 3, 1996), Cuyahoga App. No. 69906; Kelly v. BearCreek Investment Co. (Feb. 14, 1991), Cuyahoga App. No. 58011.
 {¶ 20} Scruggs' assignment of error, accordingly, is overruled. Affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J. and Calabrese, Jr., J. concur.
[1] Scruggs' complaint stated the date of the incident as "November 24, 2003," which was impossible, since he filed his complaint on April 15, 2003.
[2] The record reflects Scruggs identified the men to the police the following day; both men were arrested and eventually criminally prosecuted for the incident.