DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Toledo Municipal Court denying a landlord's claim for damages to a vacated apartment and, on the tenant's counterclaim, awarding return of her security deposit and a like amount as statutory penalty. For the reasons that follow, we affirm.
 {¶ 2} Appellant, Al Turski, owns a 44 unit apartment complex on Jackman Road in Toledo. On or about February 1, 2004, appellee, Geneieve Loesch, leased an apartment in this complex. The terms of the lease are in dispute.
 {¶ 3} On September 30, 2004, appellee vacated the apartment. According to appellant, sometime later, when he inspected the apartment, he found the thermostat knocked off the wall, debris, filth and a palpable stench throughout. The odor was the result of decaying shrimp which had been placed in the heating ductwork and stuffed behind the faceplates of electrical receptacles. Appellant later testified that the smell was nearly impossible to get out, requiring a complete painting of the rooms and replacement of the carpet.
 {¶ 4} On November 29, 2004, appellant sued appellee for unpaid rent on the remainder of the lease and an additional $3,984 for damages to the premises. Appellee denied liability on both the lease and for damages, alleging that appellant breached the lease by neglecting his statutory duties as a landlord. Appellee also filed a counterclaim seeking, inter alia, return of her security deposit and statutory damages for wrongfully withholding the deposit.
 {¶ 5} Following trial, the court found that appellant had failed to prove appellee responsible for the damages to the apartment and denied him recovery. On the counterclaim, the court found appellant had wrongfully withheld appellee's deposit and failed to comply with R.C. 5321.16(B) when so doing. In conformity with R.C. 5321.16(C), the trial court awarded appellant judgment in the amount of her deposit plus an amount equal to the sum wrongfully withheld.
 {¶ 6} From this judgment, appellant now brings this appeal. Appellant sets forth the following two assignments of error:
 {¶ 7} "I. The trial court erred in ordering the plaintiff-appellant to reimburse defendant-appellee her security deposit and doubling that amount since the defendant-appellee failed to provide proper notice to terminate the tenancy, as she was required by the lease agreement and Ohio Revised Code §5321.16.
 {¶ 8} "II. The trial court abused its discretion in finding that the damages to the apartment were not caused by defendant-appellee or occurred as a result of defendant-appellee's negligence, thereby failing to hold defendant-appellee liable for the damages."
 I. Notice to Vacate {¶ 9} In his first assignment of error, appellant insists that the trial court should not have returned appellee's security deposit, nor imposed a penalty, because she both failed to give 30 days notice of vacation and did not fulfill the minimum 12 month period of the lease. According to appellant, because appellee breached these terms of the lease, he had a legal right to retain her deposit.
 {¶ 10} Submitted into evidence were two copies of what was purported to be the same lease. The one introduced by appellant was a preprinted form agreement in which under "term" was the phrase "the rental of this apartment is for a minimum of," 12 is written in cursive on a blank line, "months." This document is signed by both parties and dated February 1, 2004.
 {¶ 11} Appellee introduced an identical document, save for the blank line in the "term" clause, remaining blank. This document is dated January 27, 2004, and signed by both parties. Appellee's signature, however, appears dissimilar on the two documents.
 {¶ 12} During the hearing, appellee testified that when she negotiated the lease with appellant's property manager, she was seeking only temporary housing, not a long-term lease. According to appellee, the seven months she stayed was longer than she anticipated.
 {¶ 13} Appellee also testified that during her stay in appellant's complex, her car had been repeatedly vandalized, her apartment burglarized and the garbage spread on the lawn. Appellee testified that she believed these incidents were related to what she suspected was drug dealing going on in another apartment. Appellee's adult son testified, supporting his mother's testimony, and introducing into evidence multiple letters penned by him on his mother's behalf, complaining to appellant about the vandalism and suspected drug dealing.
 {¶ 14} Both mother and son stated that on the day they vacated the apartment they spent most of the day cleaning, and that the apartment was, if anything, in better shape when they left than when they arrived. Both flatly denied that there was any damage or debris or dead shrimp on the premises when they left. Appellee testified that she waited for appellant to inspect the property until nearly 10:00 p.m. the night she vacated. When he failed to appear, appellee testified, she gave the key to appellant's resident manager.
 {¶ 15} The boyfriend of appellant's resident manager testified that he was present when her keys were returned. He also confirmed appellee's report of repeated vandalism to cars at the apartment including his own and reported that his girlfriend's tires were slashed and "fish, something nasty smelling" poured into the back seat of her car. The boyfriend also testified that he was aware of drug dealing going on in the complex.
 {¶ 16} The trial court denied appellant any recovery on his complaint and granted appellee's counterclaim for double return of her deposit. The only specific finding contained in the court's judgment entry was that appellant failed to prove that appellee was responsible for any damage to the vacated apartment. Absent a specific request for findings of fact, such a general judgment is acceptable. Civ.R. 52. If the record supports findings which would support the general judgment, the judgment should be sustained. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199
 {¶ 17} Appellant insists that he properly withheld the deposit because appellee had (1) failed to fulfill her 12 month lease obligation for the apartment, and (2) failed to provide 30 days notice of vacation as required by the lease. Each of these issues is premised on questions of fact. Findings of fact will not form the basis of the reversal of a judgment unless against the manifest weight of the evidence. Judgments supported by some competent, credible evidence are not against the manifest weight of the evidence. C.E. Morris v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. Moreover, a party who bears the burden of proof can seldom complain when a finder of fact determines the burden not met. Staerker v. CSX Transp. Inc., 6th Dist. No. L-05-1416, 2006-Ohio-4803, at ¶ 22, In re Scott (1996),111 Ohio App.3d 273, 274.
 {¶ 18} With the presentment of two competing versions of the apartment lease, there was certainly evidence presented by which the court could have found appellee was on a month-to-month agreement. With respect to the 30 days notice, there was ample evidence of vandalism to appellee's property and continued complaints to appellant about such vandalism and the likely use of parts of the complex for drug dealing.
 {¶ 19} We are aware and in agreement with those cases that hold that a landlord is not an insurer of a tenant from the criminal acts of third parties. See Sciascia v. Riverpark Apts.
(1981), 3 Ohio App.3d 164, 166; Carmichael v. Colonial SquareApts. (1987), 38 Ohio App.3d 131, 132. Nevertheless, R.C.5321.07 provides that when, after notice, a landlord fails to fulfill his or her obligations under R.C. 5321.04(A)(3) to keep common areas safe, a tenant may terminate the rental agreement. R.C. 5321.07(B)(3). Since there is evidence by which the court could have found that appellant had failed to fulfill his statutory obligation to secure common areas, we must conclude that the trial court did not err in permitting appellee to terminate her lease agreement. Accordingly, appellant's first assignment of error is not well-taken.
 II. Damages {¶ 20} In his second assignment of error, appellant complains that the trial court abused its discretion in refusing to find appellee responsible for the damage to the apartment. Like the subject matter in appellant's first assignment of error, this question goes not to the court's discretion, but its findings of fact. Again, those findings will not be disturbed so long as they are supported by competent, credible evidence.
 {¶ 21} No one questions that the damage of which appellant complains is real. However, both appellant and her son testified that when they turned the keys over to the complex manager, the apartment was clean and in good repair. Indeed, appellee testified that she waited in vain until nearly 10:00 p.m. for appellant to inspect the apartment before she left. There was, therefore, evidence before the court which, if believed, would support the court's findings. Moreover, this evidence is bolstered by the testimony of a neutral witness, the apartment manager's boyfriend, who reported vandalism of a remarkably similar nature committed prior to appellee's departure.
 {¶ 22} Consequently, we cannot say that the trial court's factual findings were unsupported. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 23} On consideration whereof, the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Singer, P.J. Skow, J. concur.