**DOE et al., Appellants,**

v.

**BEACH HOUSE DEVELOPMENT COMPANY et al., Appellees.**

[Cite as *Doe v. Beach House Dev. Co.* (2000), 136 Ohio App.3d 573.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 75615.

Decided Feb. 10, 2000.

574

*Schulman, Schulman & Meros, Howard A. Schulman,* for appellants.

*Gravens & Franey Co., Martin T. Franey* and *Terrance P. Gravens,* for appellees.

---

MICHAEL J. CORRIGAN, Judge.

Jane Doe et al., plaintiffs-appellants, appeal from the judgment of the Cuyahoga County Court of Common Pleas, General Division, case No. CV–252781, in which the trial court granted the motion for summary judgment of Beach House Development Corporation and Associated Estates Corporation, defendants-appellees, on plaintiffs-appellants' complaint alleging negligence. Plaintiffs-appellants assign five errors for this court's review.

For the following reasons, plaintiffs-appellants' appeal is not well taken.

This case arises out of a sexual assault perpetrated by thirteen-year-old Christopher Greenwalt (a.k.a. "Boomer") on James Doe, the eight-year-old minor son of plaintiff-appellant Jane Doe, on March 31, 1993, at Lakeshore Village Apartments located at 16151 Lakeshore Boulevard, Cleveland, Ohio. Lakeshore Village is owned and operated by defendants-appellees. At the time of the assault, both boys lived with their respective mothers in the same building at Lakeshore Village.

Lakeshore Village consists of four buildings with several floors contained in each building. During the school year, security guards patrol the apartment complex from 5:00 p.m. to 5:00 a.m. In the summer months, when children residing in the complex are not in school, a security guard is also posted during daylight hours.

Boomer, his mother Linda Greenwalt, and his sister Christine were residents of Lakeshore Village prior to plaintiffs-appellants. Boomer has had a history of antisocial behavior while residing at Lakeshore Village consisting of violent and aggressive acts toward other residents of the complex. This history includes dropping water balloons from the upper levels of the building onto adults and younger children below, holding a knife on two young girls, throwing snowballs

packed around rocks at apartment windows and apartment tenants, and other unspecified acts of vandalism and delinquent behavior.

Sometime in 1990, an eviction action was commenced by defendants-appellees against Linda Greenwalt in the Cleveland Municipal Court based partly upon Boomer's alleged behavioral problems and vandalism at Lakeshore Village. Ultimately, the case was dismissed by defendants-appellees due to a lack of direct evidence that Boomer had caused the subject damage to the property.

Soon after plaintiffs-appellants moved into Lakeshore Village, James Doe (hereinafter "the victim") began experiencing problems with Boomer. On at least five separate occasions, Boomer allegedly assaulted the victim physically on or near the premises of Lakeshore Village. After each occasion, the victim's mother contacted defendants-appellees' management in an effort to somehow stop the beatings. Defendants-appellees maintain that they attempted to contact Boomer's mother regarding some of the incidents, but she was rarely at home. Consequently, Boomer's conduct continued unchecked.

Plaintiffs-appellants were not the only residents of Lakeshore Village to complain to management about Boomer's behavior. The Greenwalt file at Lakeshore Village contained numerous complaints regarding Boomer. Plaintiffs-appellants did not contact the Cleveland police at any time concerning Boomer's continued pattern of aggressive conduct.

Defendants-appellees maintained a policy from 1990 to 1992 for dealing with a violent or potentially violent tenant. That policy consisted of sending a "cause letter" to the tenant warning of possible eviction if the violent behavior continued. An accompanying timely investigation was to be conducted to increase the chance of a successful eviction if the tenant continued to pose a threat to the building residents. No such cause letter was sent to the Greenwalt family concerning Boomer's continued physical assaults upon the victim in this case.

After one particular incident in which Boomer had once again physically assaulted the victim, Jane Doe was told by defendants-appellees to submit a letter regarding Boomer's violent actions toward her son. The letter was submitted to defendants-appellees on October 30, 1992. In the letter, Jane Doe maintained that Boomer had been terrorizing her son for an extended period of time and, in the latest incident, Boomer had pushed her son and hit him in the face, causing a split lip to occur.

Boomer continued to bother the victim throughout the five months between October 30, 1992, and March 31, 1993. After each incident, Jane Doe continued to complain to management about Boomer's abusive behavior. Each time, management responded that they would speak with Boomer's mother. While Boomer's mother was apparently never contacted, Fran Smoot, the manager of

the complex at the time, spoke directly with Boomer sometime in January 1993. At that time, Boomer denied having assaulted the victim or anyone else living on the premises.

On March 31, 1993, Boomer approached the victim in one of the common areas of the apartment. Boomer asked the victim to "suck his thing." When the victim refused, Boomer physically grabbed the victim, dragged the victim to the Greenwalt apartment, forced the victim into his bedroom, and locked the door. At this point, Boomer then forced the victim to perform oral sex against his will.

The underlying action was originally filed by Jane Doe on May 27, 1993, as a bill in equity for discovery. On July 15, 1993, plaintiff-appellant filed an amended complaint in which she asserted a personal injury action as the mother of the minor victim against defendants-appellees, seeking costs for the medical and psychological treatment of her son and for her loss of her son's society and services allegedly caused by defendants-appellees' negligence in failing to protect her minor son from Christopher Greenwalt. On May 14, 1998, a second amended complaint was filed in which a personal injury action was brought on behalf of plaintiff-appellant's minor son against defendants-appellees.

On May 8, 1998, the trial court conducted a pretrial hearing at which time deadlines were established for the submission of expert reports, the completion of discovery as well as the filing of any dispositive motions. Extensive discovery ensued.

On September 15, 1998, defendants-appellees filed their motion for summary judgment in which they maintained that the criminal act of a third party was not a sufficiently foreseeable event to warrant the imposition of a duty to protect upon defendants-appellees. On October 20, 1998, plaintiffs-appellants filed their brief in opposition to the motion for summary judgment of defendants-appellees. Plaintiffs-appellants maintained that genuine issues of material fact existed as to whether Boomer's sexual assault of the victim was foreseeable given Boomer's extensively documented history of violent and aggressive acts. Plaintiffs-appellants argued further that defendants-appellees failed to follow their own internal procedure for dealing with violent tenants such as Boomer.

On September 27, 1998, defendants-appellees filed a reply to plaintiffs-appellants' brief in opposition. One day later, plaintiffs-appellants filed a motion for oral argument on the pending summary judgment motion based upon their contention that defendants-appellees' reply brief was based upon newly presented evidence.

On November 2, 1998, the trial court issued the following journal entry granting defendants-appellees' motion for summary judgment:

"Motion for Summary Judgment of Defendants, Beach House Development Co., & Associated Estates Corporation, is hereby granted. The Court hereby finds that there exists no genuine issue of material fact as to the duty owed to Plaintiff by these Defendants. Under the totality of the circumstances, this incident was not sufficiently foreseeable to impose a duty on these Defendants."

On November 3, 1998, the trial court issued a second journal entry which provided:

"Plaintiffs' Motion for Oral Argument on Defendants' Motion for Summary Judgment is hereby denied & overruled as the Court has ruled on Defendants' Motion for Summary Judgment."

On November 30, 1998, plaintiffs-appellants filed a timely notice of appeal from the judgment of the trial court.

Plaintiffs-appellants' first assignment of error states:

"I. The trial court erred in granting summary judgment to defendants, on the basis that 'there exists no genuine issue of material fact as to the duty owed to plaintiff by these defendants,' where plaintiffs had demonstrated that defendants owed plaintiffs a duty, as landlords, 'to take reasonable precautions to provide reasonable security in the common areas.' "

Plaintiffs-appellants' second assignment of error states:

"II. The trial court erred in granting summary judgment to defendants, on the basis that 'there exists no genuine issue of material fact as to the duty owed to plaintiff by these defendants,' where plaintiffs demonstrated that the assault was just one additional assault in a long series of repeated assaults by the same perpetrator against the same victim."

Plaintiffs-appellants' third assignment of error states:

"III. The trial court erred when it held that 'this incident was not sufficiently foreseeable to impose a duty on these defendants,' where plaintiffs demonstrated that defendants knew or should have known that there was a 'substantial risk of harm' to plaintiff James Martin on 'premises in the possession and control' of defendants."

Plaintiffs-appellants' fourth assignment of error states:

"IV. The trial court erred when it held that 'this incident was not sufficiently foreseeable to impose a duty on these defendants,' where plaintiffs had demonstrated the 'somewhat overwhelming circumstances' required by Reitz vs. May Company Dept. Stores."

Having a common basis in both law and fact, this court shall consider plaintiffs-appellants' first, second, third, and fourth assignments of error simultaneously.

Plaintiffs-appellants argue, through their first four assignments of error, that the trial court improperly granted the motion for summary judgment of defendants-appellees. Specifically, plaintiffs-appellants maintain that the trial court incorrectly determined that the assault was not sufficiently foreseeable to impose a duty to protect upon defendants-appellees. It is plaintiffs-appellants' position that, as landlords, defendants-appellees already have a duty to their tenants to take reasonable precautions to provide reasonable security in the common areas of the building. Plaintiffs-appellants maintain further that, given the repeated assaults by Boomer upon James Doe and others of which defendants-appellees were aware, it is clear that the incident in question was, in fact, foreseeable.

The standard for granting a motion for summary judgment is set forth in Civ.R. 56(C). In applying this rule, the Ohio Supreme Court has consistently held that, before such a motion can be granted, the moving party must show that (1) there is no genuine issue of fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 667 N.E.2d 1197; *Welco Industries, Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344, 617 N.E.2d 1129; *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 587 N.E.2d 825.

A motion for summary judgment forces the nonmoving party to produce evidence on issues for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, syllabus. The nonmovant must also present specific facts and may not merely rely upon the pleadings or upon unsupported allegations. *Shaw v. J. Pollock & Co.* (1992), 82 Ohio App.3d 656, 612 N.E.2d 1295. When a party moves for summary judgment supported by evidentiary material of the type and character set forth in Civ.R. 56(E), the opposing party has a duty to submit affidavits or other material permitted by Civ.R. 56(C) to show that there is a genuine issue for trial. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

In *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, the Ohio Supreme Court discussed the standard to be applied when reviewing motions for summary judgment. The court stated:

"Again, we note that there is no requirement in Civ.R. 56 that any party submit affidavits to support a motion for summary judgment. See, *e.g.,* Civ.R. 56(A) and (B). There is a requirement, however, that a moving party, in support of a summary judgment motion, specifically point to something in the record that

comports with the evidentiary materials set forth in Civ.R. 56(C)." *Id.* at 298, 662 N.E.2d at 277.

■ The court's analysis of an appeal from a summary judgment is conducted under a *de novo* standard of review. See *Maust v. Bank One Columbus, N.A.* (1992), 83 Ohio App.3d 103, 107, 614 N.E.2d 765, 767–768; *Howard v. Wills* (1991), 77 Ohio App.3d 133, 601 N.E.2d 515. No deference is given to the decision under review and this court applies the same test as does the trial court. *Bank One of Portsmouth v. Weber* (Aug. 7, 1991), Scioto App. No.1920, unreported, 1991 WL 156416.

■ As this court previously stated in *Doe v. Flair Corp.* (1998), 129 Ohio App.3d 739, 719 N.E.2d 34:

"In order to establish a claim for negligence, a plaintiff must establish a duty owed by the defendants, a breach of that duty which proximately results in an injury. *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614, 616–617. As a general rule, landlords have no duty to protect their tenants from the criminal acts of third persons. *Thomas v. Hart Realty, Inc.* (1984), 17 Ohio App.3d 83, 86, 17 OBR 145, 147, 477 N.E.2d 668, 671; *Sciascia v. Riverpark Apts.* (1981), 3 Ohio App.3d 164, 166, 3 OBR 188, 190–191, 444 N.E.2d 40, 42[–43]; *Johnson v. Monroe Realty Co.* (May 25, 1995), Cuyahoga App. No. 67964, unreported, 1995 WL 322278. The duty of a landlord in such cases was set forth in *Carmichael v. Colonial Square Apartments* (1987), 38 Ohio App.3d 131, 528 N.E.2d 585. *Carmichael* dealt with a tenant who had been assaulted in his own apartment and brought suit against his landlord alleging that he was negligent in failing to provide adequate security in the common areas of the building. The court determined that the landlord had complied with his duty to provide reasonable security:

" ' * * * while the landlord has some duty to provide secure common areas in an apartment complex, he is not an insurer of the premises against criminal activity. * * * Thus, the duty on the landlord is only to take some reasonable precautions to provide reasonable security.' *Id.* at 132, 528 N.E.2d at 586.

See, also, *Kelly v. Bear Creek Invest. Co.* (Feb. 14, 1991), Cuyahoga App. No. 58011, unreported, 1991 WL 19152, in which this court determined that liability attaches only where the landlord should have reasonably foreseen the criminal activity in question and failed to take reasonable precautions to prevent such activity, and this failure was the proximate cause of the tenant's harm. "Foreseeability is based upon whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of the act. *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15

OBR 179, 180–181, 472 N.E.2d 707, 710; *Eagle v. Mathews–Click–Bauman, Inc.* (1995), 104 Ohio App.3d 792, 797, 663 N.E.2d 399, 402[–403]."

■ In the case *sub judice,* a review of the record demonstrates that the trial court properly determined that defendants-appellees were entitled to judgment as a matter of law on plaintiffs-appellants' negligence claim. As the trial court properly determined, the issue in this case is the foreseeability of Boomer's sexual assault upon James Doe. While it may have been foreseeable from Boomer's prior behavior that further altercations with James Doe would occur, there is nothing in the record to indicate that Boomer would escalate his activities to the level where the equivalent of a first-degree felony sexual assault was likely to occur. This is particularly true in light of the fact that, while Boomer had undoubtedly been an unruly juvenile delinquent, he had not engaged in anything sexual in nature prior to the March 31, 1993, sexual assault. As this court previously stated in *Reitz v. May Co. Dept. Stores* (1990), 66 Ohio App.3d 188, 583 N.E.2d 1071:

" * * * a court must be mindful of two other factors when evaluating whether a duty is owed in cases such as this one. The first is that a business is not an absolute insurer of the safety of its customers. The second is that criminal behavior of third persons is not predictable to any particular degree of certainty. It would be unreasonable, therefore, to hold a party liable for acts that are for the most part unforeseeable. Thus, the totality of the circumstances must be somewhat overwhelming before a business will be held to be on notice of and therefore under the duty to protect against the criminal acts of others." *Id.* at 193, 194, 583 N.E.2d at 1075, See, also, *Maier v. Serv–All Maintenance, Inc.* (1997), 124 Ohio App.3d 215, 705 N.E.2d 1268.

Under the totality of the circumstances presented, this court cannot now say that, under the present facts, the criminal act of a third party was a foreseeable event for which defendants-appellees could be found liable under a negligence theory. *Flair Corporation, supra; Daniels v. Thistledown Racing Club, Inc.* (1995), 103 Ohio App.3d 281, 659 N.E.2d 346; *Rescigno v. Heyduk* (Aug. 15, 1996), Cuyahoga App. No. 69172, unreported, 1996 WL 465374; *Collins v. Down River Specialties, Inc.* (1998), 128 Ohio App.3d 365, 715 N.E.2d 189.[1]

In addition, plaintiffs-appellants reliance upon the Ohio Supreme Court case of *Simpson v. Big Bear Stores Co.* (1995), 73 Ohio St.3d 130, 652 N.E.2d 702, is misplaced. In *Simpson,* the court determined in its syllabus that a business

---

1. Plaintiffs-appellants' informal request that this court defer its decision in this matter pending the Ohio Supreme Court's review of *Collins, supra,* is not well taken. On May 26, 1999, the Ohio Supreme Court dismissed the *Collins* appeal as improvidently allowed. See *Collins v. Down River Specialties, Inc.* (1999), 85 Ohio St.3d 1215, 709 N.E.2d 841.

owner has a duty to warn or protect its business invitees from criminal acts of third parties when the business owner knows or should know that there is a substantial risk of harm to its invitees on the premises in the possession and control of the business owner. The duty does not extend to premises not in the possession and control of the business owner. Clearly, the holding in *Simpson* does not expand liability to defendants-appellees in this instance given the fact that the circumstances of this case do not lead one to conclude that the sexual assault upon James Doe was foreseeable to such an extent where defendants-appellees knew or should have known that a substantial risk of such harm existed.

For the foregoing reasons, it is apparent from the record that the trial court did not err in entering summary judgment in favor of defendants-appellees on plaintiffs-appellants' negligence cause of action.

Plaintiffs-appellants' first, second, third and fourth assignments of error are not well taken.

Plaintiffs-appellants' fifth and final assignment of error states:

"V. The trial court erred when it accepted, in support of defendants' motion for summary judgment, new evidence submitted by defendants with their reply brief and denied plaintiffs the opportunity, by way of oral argument, to respond to that newly filed evidence."

Plaintiffs-appellants argue, through their fifth and final assignment of error, that the trial court improperly overruled their request for oral argument on defendants-appellees' motion for summary judgment. Specifically, plaintiffs-appellants maintain that oral argument was necessary due to the fact that defendants-appellees attached newly filed evidence to their brief in reply to plaintiffs-appellants' brief in opposition to summary judgment. It is plaintiffs-appellants' position that, by overruling their request for an oral hearing, the trial court effectively deprived plaintiffs-appellants of their opportunity to respond to the new evidence, as well as their right to due process.

■■ It is well established that the trial court is not required to schedule an oral hearing in every motion for summary judgment. See Civ.R. 56; Loc.R. 11(I) of the Court of Common Pleas of Cuyahoga County; and *Klesch v. Reid* (1994), 95 Ohio App.3d 664, 643 N.E.2d 571. Civ.R. 56 sets forth the requirements upon a party seeking summary judgment. Once the required record for summary judgment is provided, the trial court is free to rule upon the motion for summary judgment without conducting an oral hearing. *Brown v. Akron Beacon Journal Publishing Co.* (1991), 81 Ohio App.3d 135, 610 N.E.2d 507. Where either party requests an oral hearing on a motion for summary judgment, it is within the sound discretion of the trial court as to whether to grant or deny such a request.

*Potter v. Troy* (1992), 78 Ohio App.3d 372, 604 N.E.2d 828; *Gates Mills Invest. Co. v. Pepper Pike* (1978), 59 Ohio App.2d 155, 13 O.O.3d 191, 392 N.E.2d 1316.

In the case herein, a review of the record on appeal demonstrates that the trial court did not err in granting defendants-appellees' motion for summary judgment without first conducting an oral hearing on the motion. Plaintiffs-appellants maintain that the reply brief in question was improper in that it was supplemented with new evidence, *i.e.*, the resident handbook and excerpts from certain depositions. Even if this court were to assume that the disputed exhibits did, in fact, constitute newly submitted evidence as plaintiffs-appellants maintain, a review of the trial court's entry granting summary judgment fails to demonstrate that the trial court relied in any way upon the attachments to defendants-appellees' reply brief in reaching its ultimate conclusion. The trial court did not base its decision on any delineation of parental responsibilities contained in the resident handbook, nor was it based upon the deposition testimony of Jane Doe regarding the condition of the front door lock or the deposition testimony of an employee of defendants-appellees regarding the eviction procedure at Lakeshore Village. The trial court's decision was clearly based upon the foreseeability of the underlying sexual assault. Accordingly, this court cannot now say that the trial court abused its discretion by denying plaintiffs-appellants' request for an oral hearing upon the motion for summary judgment. *Keenan v. Huntington Acceptance Co.* (1993), 91 Ohio App.3d 795, 633 N.E.2d 1164.

Plaintiffs-appellants' fifth and final assignment of error is not well taken.

Judgment of the trial court is affirmed.

*Judgment affirmed.*

PORTER, A.J. and TIMOTHY E. MCMONAGLE, J., concur.