DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Gallia County Common Pleas Court summary judgment. The court determined that ABN AMRO Mortgage Group, Inc. (ABN) had the first and best lien on real estate located at Wolf Run Road, Patriot, Ohio, and ordered the foreclosure of that lien and sale of the premises. E.M. Calhoun, successor in interest to the Milton Banking Co. (Milton Bank), plaintiff below and appellant herein, and her husband, Ronald R. Calhoun, defendant below and appellant herein, assign the following errors for our review:
FIRST ASSIGNMENT OF ERROR:
"The court erred when it held the equitable subrogation defense was valid as against Ronald R. Calhoun and E.M. Calhoun and ABN AMRO Mortgage Group, Inc. was entitled to a first and best lien on the entire property."
SECOND ASSIGNMENT OF ERROR:
"The court erred when it found no genuine issue as to any material fact with regard to ABN AMRO Mortgage Group, Inc. right to summary judgment."
THIRD ASSIGNMENT OF ERROR:
"The court erred when it did not grant Ronald R. Calhoun's motion for summary judgment."
FOURTH ASSIGNMENT OF ERROR:
"The court erred when it found that neither the plaintiff Calhoun or the defendant Calhoun filed any Civil Rule 56 evidence contra ABN AMRO's motion for summary judgment."
FIFTH ASSIGNMENT OF ERROR:
"The court erred when it failed to schedule a hearing on the motions for summary judgment."
SIXTH ASSIGNMENT OF ERROR:
"The court erred when it failed to conduct a hearing on the plaintiff's complaint to marshall liens prior to rendering monetary judgment in favor of ABN AMRO and prior to scheduling a sale of the real estate."
¶ 2 On January 10, 2002, a judgment was rendered in favor of Milton Bank against Bahram and Melissa Heidari for $45,985.73 plus interest at eighteen percent (18%) per annum. A certificate of judgment was issued a month later and Milton Bank commenced the instant action on March 7, 2002. Milton Bank alleged that it had an interest in the Heidaris' Wolf Run Road real estate. They asked that all other liens against the premises be marshalled and that the property be sold at Sheriff sale with the proceeds used to satisfy their judgment lien.[1]
 {¶ 3} ABN answered and admitted it had an interest in the premises. The company also filed a counterclaim and cross-claim and asserted that Bahram Heidari executed a note in the amount of $202,000 and, to secure that debt, he had given a mortgage on the premises.[2]
ABN alleged that the note and mortgage were in default and that the mortgage was a first and best lien on the premises. The company also asked that the mortgage be foreclosed and the property sold at Sheriff's sale with the proceeds used to satisfy its claim.
 {¶ 4} The Calhouns got involved in the case later that year. On May 30, 2002, Melissa Heidari conveyed her interest in the Wolf Run property to Appellant Ronald R. Calhoun, who was then joined as a party defendant in the action.[3] On or about June 24, 2002, Milton Bank sold its judgment lien interest against the Heidaris to Appellant E.M. Calhoun, who was then substituted into the action as plaintiff.
 {¶ 5} Appellant Ronald R. Calhoun filed a motion for summary judgment on July 15, 2002. He argued that no genuine issues of material fact existed and that he was entitled to judgment in his favor as a matter of law. In particular, he claimed that the mortgage held by ABN did not cover the interest owned by Melissa Heidari, which was subsequently conveyed to him. Thus, he concluded, after satisfaction of the judgment lien held by his wife, he was entitled to one-half the proceeds from the judicial sale of the property before any proceeds were used to pay the ABN mortgage.
 {¶ 6} ABN filed a memorandum in opposition and a motion for summary judgment. ABN argued that its mortgage was the first and best lien on the premises because it was recorded June 11, 2001, thus predating the 2002 judgment lien issued to Milton Bank and later acquired by Appellant E.M. Calhoun. The bank also argued that under the doctrine of equitable subrogation, Melissa Heidari's interest in the property was subject to its mortgage, despite her failure to sign the instrument, and that Appellant Ronald R. Calhoun took that interest subject to the mortgage.
 {¶ 7} The trial court rendered a decision on December 4, 2002 in favor of ABN. The court agreed that, pursuant to principles of equitable subrogation, the ABN mortgage attached to the interests of both Bahram and Melissa Heidari, even though Melissa Heidari did not execute the mortgage. Moreover, the court found that this was the first and best lien on the premises, predating the judgment now owned by E.M. Calhoun. Because no question existed that Bahram Heidari was in default of payment on the note, ABN was thus entitled to foreclosure of its mortgage interest. The court ordered the property sold at Sheriff's sale and the proceeds used to pay taxes, then to satisfy the interest of ABN and the remainder to be held by the Clerk of Courts pending further instruction. This appeal followed.[4]
 I {¶ 8} We jointly consider appellants' first, second and third assignments as they raise related issues concerning whether the trial court correctly resolved the summary judgment motions. Our analysis begins with the fundamental premise that we review summary judgments de novo. See Broadnax v. Greene Credit Service (1997), 118 Ohio App.3d 881,887, 694 N.E.2d 167; Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38,41, 654 N.E.2d 1327; Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107, 614 N.E.2d 765. That is to say we afford no deference to the trial court's decision, see Hicks v. Leffler (1997),119 Ohio App.3d 424, 427, 695 N.E.2d 777; Dillon v. Med. Ctr.Hosp.(1993), 98 Ohio App.3d 510, 514-515, 648 N.E.2d 1375; Morehead v.Conley (1991), 75 Ohio App.3d 409, 411-412, 599 N.E.2d 786, and conduct our own review to determine if summary judgment was appropriate. Woodsv. Dutta (1997), 119 Ohio App.3d 228, 233-234, 695 N.E.2d 18; Phillipsv. Rayburn (1996), 113 Ohio App.3d 374, 377, 680 N.E.2d 1279; McGee v.Goodyear Atomic Corp. (1995), 103 Ohio App.3d 236, 241,659 N.E.2d 317.[5]
 {¶ 9} Summary judgment under Civ.R. 56(C) is appropriate when the movant can demonstrate that (1) there are no genuine issues of material fact, (2) it is entitled to judgment in its favor as a matter of law, and (3) reasonable minds can come to only one conclusion and that conclusion is adverse to the opposing party; said party being entitled to have the evidence construed most strongly in their favor. Zivich v. Mentor SoccerClub, Inc., 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201;Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385, 1996-Ohio-389,667 N.E.2d 1197; Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66, 375 N.E.2d 46.
 {¶ 10} We further note that the party moving for summary judgment is the one who bears the initial burden of demonstrating that there exists no genuine issue of material fact and that it is entitled to judgment in its favor as a matter of law. See Vahila v. Hall (1997),77 Ohio St.3d 421, 429, 674 N.E.2d 1164; Dresher v. Burt (1996),75 Ohio St.3d 280, 293, 662 N.E.2d 264; Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115, 526 N.E.2d 798. Once that burden is met, the onus shifts to the non-moving parties to provide evidentiary materials in rebuttal. See Trout v. Parker (1991), 72 Ohio App.3d 720, 723,595 N.E.2d 1015; Campco Distributors, Inc. v. Fries (1987),42 Ohio App.3d 200, 201, 537 N.E.2d 661; Whiteleather v. Yosowitz
(1983), 10 Ohio App.3d 272, 275, 461 N.E.2d 1331. With these principles in mind, we turn our attention to the proceedings below.
 {¶ 11} There is no question that ABN has a first and best lien on the subject premises. The affidavit attached to ABN's motion for summary judgment states that the company recorded its mortgage on June 11, 2001. By contrast, the certificate of judgment attached to the Milton Bank's original complaint shows that the lien was filed for record on February 4, 2002 — nearly eight (8) months later. Thus, the mortgage is superior in priority to the judgment lien. See R.C. 2329.02 R.C.5301.23.
 {¶ 12} The central question is whether that mortgage attached to the interests of both Heidaris, or only to Bahram Heidari's interest. Melissa Heidari was not a party to the mortgage and did not convey any interest to ABN. Thus, conventional wisdom holds that her undivided one-half interest in the property was not encumbered by the mortgage, and passed free and clear to her successor in interest, Appellant Ronald R. Calhoun. ABN asserted that under the doctrine of equitable subrogation, its mortgage extended to reach the interests of Melissa Heidari and, therefore, to appellant.
 {¶ 13} The Ohio Supreme Court held that a third party who, with its own funds, satisfies and discharges a prior first mortgage on real estate, upon express agreement with the owner that it will be secured by a first mortgage on that real estate, is subrogated to all of the rights of the first mortgagee in that real estate. Federal Union Life Ins. Co.V. Deitsch (1934), 127 Ohio St. 505, 189 N.E. 440, at paragraph one of the syllabus. In short, if the parties so intend, a mortgagee who satisfies the first mortgage steps into the shoes of the first mortgagee.
 {¶ 14} In support of its summary judgment motion, ABN submitted an affidavit from Elliot Liss, the owner of the Title Company where the loan was closed. Liss attested to the following facts surrounding that closing:
"5. That the mortgage to Bahram Heidari from ABN AMRO Bank, FSB was in the amount of $202,000.00, was intended to be signed by both Bahram Heidari and Melissa Heidari, and that mortgage was recorded on or about June 11, 2001, in the Official Records of Gallia County, Ohio.
"6. That Montgomery Home Title, Inc. performed the closing and mistakenly failed to obtain the signature of Melissa Heidari on the ABN AMRO mortgage.
"7. That from the loan proceeds of Heidari/ABN AMRO mortgage load; a prior mortgage . . . was paid off in the amount of $178,977.51."
"8. That it was ABN AMRO Bank FSB's intent to have a first and best lien * * *"
 {¶ 15} This was sufficient for ABN to carry its initial burden on summary judgment to show that equitable subrogation applied, and that it should step into the shoes of the first lien holder. Appellants do not contest that ABN met its initial burden to show equitable subrogation. Rather, appellants argue that they produced sufficient evidence in rebuttal to show that genuine issues of material fact survive. Specifically, appellants point to the affidavit of Joe Moore that contains the following:
"1. [The mortgage] was signed by Bahram Heidari on the 21st day of May, 2001, in my office in Vinton, Ohio, and that I notarized the signature of the said Bahram Heidari. At that time my employee, Lisa Harder, witnessed the mortgage.
"2. After notarizing the attached document I returned it to the sender per their instructions.
"3. No representative of any title company was present."
 {¶ 16} Appellants argue on appeal that this affidavit contradicts and "brings into issue the truthfulness of [the Liss affidavit] when he swears he performed the closing and mistakenly failed to obtain the signature of Melissa Heidari." We are not persuaded. First of all, it is not clear that the affidavits do contradict. Liss did not claim to have performed the closing himself, only that the closing was done at Montgomery Home Title, Inc. If Moore works for the same title company, which fact is not disclosed in his affidavit, then the two attestations can be reconciled.
 {¶ 17} Assuming, however, that there is a contradiction, we are not persuaded that this is fatal to ABN's motion for summary judgment. Civ.R. 56(C) does not require the absence of all factual issues as a prerequisite for summary judgment — only material factual issues. Factual disputes are material to the case only if they might affect the outcome. See Turner v. Turner (1993), 67 Ohio St.3d 337, 340,617 N.E.2d 1123. Appellants have not persuaded us that the issue of who personally closed this particular loan would affect the outcome of the case. As we noted previously, equitable estoppel arises when a lender satisfies and discharges a prior first mortgage on real estate with its own funds upon express agreement with the owner that it will be secured by a first mortgage on that real estate. See Federal Union Life Ins.Co., supra at paragraph one of the syllabus. The Moore affidavit simply does not rebut any of the attestations made in the Liss affidavit that involved the equitable subrogation issue. We therefore conclude that appellants did not carry their burden of rebuttal.
 {¶ 18} That said, the trial court correctly found that (1) ABN's mortgage was a first and best lien on the premises and that it attached to the interests of both Heidaris and (2) Appellant Ronald R. Calhoun took his interest from Melissa Heidari subject to that lien. For all these reasons, we find no merit in appellants' first, second or third assignments of error and they are hereby overruled.
 II {¶ 19} We consider appellants' remaining three assignments of error together as they involve various procedural objections to the trial court proceedings. Appellants' first argument is that the trial court erred in concluding that they never "filed any Civil Rule 56 evidence contra ABN AMRO's Motion for Summary Judgment." They specifically point to Joe Moore's affidavit and Appellant E.M. Calhoun's affidavit, filed in opposition to ABN's motion as proof that this statement was erroneous. While we agree that the trial court technically erred in finding that no opposing affidavits were filed, this constituted harmless error pursuant to Civ.R. 61. Neither the November 20, 2002 affidavits nor any of appellants' other previous summary judgment evidentiary materials rebutted ABN's claim of equitable subrogation.
 {¶ 20} Appellants' next argument is that the trial court erred in not holding an oral hearing on the summary judgment motion. We disagree with appellants. While Civ.R. 56 makes reference to a hearing[6], one is not required. 2 Klein Darling, Ohio Civil Practice (1997) 569, § 56-19. This is particularly true with respect to oral hearings. Case law in Ohio has consistently rejected the claim that Civ.R. 56 requires an oral hearing. See e.g. Doe v. Beach House Dev. Co. (2000),136 Ohio App.3d 573, 582, 737 N.E.2d 141; Anania v. DaubenspeckChiropractic (1998), 129 Ohio App.3d 516, 522, 718 N.E.2d 480; Klesch v.Reid (1994), 95 Ohio App.3d 664, 672, 643 N.E.2d 571; Gates MillsInvestment Co. v. Pepper Pike (1978), 59 Ohio App.2d 155, 164,392 N.E.2d 1316. The hearing contemplated by the rule may involve as little as submission of memoranda and evidentiary materials for the court's consideration. Brown v. Akron Beacon Journal Publishing Co.
(1991), 81 Ohio App.3d 135, 139, 610 N.E.2d 507. If a party desires an oral hearing, the party should specifically request the court to conduct a hearing. 2 Klein Darling, supra at 570. In the instant case, the appellants did not. Thus, we find no error in the trial court disposing of the summary judgment motions without conducting an oral hearing.
 {¶ 21} Appellants final argument is that the trial court "went beyond the provision of [Civ.R.] 56(D)" in granting relief to ABN. Civ.R. 56(D) provides as follows:
"If on motion under this rule summary judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court in deciding the motion, shall examine the evidence or stipulation properly before it, and shall if practicable, ascertain what material facts exist without controversy and what material facts are actually and in good faith controverted. The court shall thereupon make an order on its journal specifying the facts that are without controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."
 {¶ 22} Appellants contend that in ordering foreclosure, the trial court "went beyond" the provision of Civ.R. 56(D). We find no error in the court's decision. ABN filed a cross-claim/counterclaim and asserted that its mortgage interest was the first and best lien on the subject premises and asked that such lien be foreclosed. Its summary judgment motion asserted that no genuine issues of material fact existed and that it was entitled to relief as a matter of law.
 {¶ 23} The trial court accepted that argument and found that ABN did have the first and best lien on the premises. The court thereupon ordered foreclosure of that security. In so doing, the court necessarily found that the judgment lien acquired by Appellant E.M. Calhoun was inferior in priority to the mortgage of ABN. While we may not fully understand the gist of appellants' argument, we find no Civ.R. 56(D) violation on the part of the trial court. For these reasons, appellants' fourth, fifth and sixth assignments of error are without merit and are hereby overruled.
 {¶ 24} Having reviewed the errors assigned and argued in the brief, and finding merit in none of them, the judgment of the trial court is affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J., Abele, J.: Concur in Judgment Opinion.
Harsha, J.: Dissents with Dissenting Opinion.
[1] In addition to the Heidaris, Milton Bank joined various other defendants which might claim an interest in the premises including ABN, American Business Credit, Inc., State of Ohio, Bureau of Workers' Compensation and the Gallia County Treasurer.
[2] Melissa Heidari was not a signatory to either the note or the mortgage.
[3] Melissa Heidari apparently owed legal fees to Appellant Ronald R. Calhoun, and conveyed her interest in the premises to him in lieu of cash payment for his services.
[4] We note that although the judgment contemplates further action with respect to the proceeds of the sheriff's sale (i.e. the filing of a confirmation entry), a judgment and order of sale is nevertheless the final appealable order in a foreclosure case. See Third National Bank ofCircleville v. Speakman (1985), 18 Ohio St.3d 119, 120, 480 N.E.2d 411;Oberlin Savings Bank Co. V. Fairchild (1963), 175 Ohio St. 311, 312,194 N.E.2d 580; Queen City Savings Loan Co. v. Foley (1960),170 Ohio St. 383, 165 N.E.2d 633, at paragraph one of the syllabus. We further note that on December 24, 2002, American Business Credit, Inc. filed a motion for leave to file an answer and cross-claim. The trial court has not ruled on this motion and, therefore, we presume it was overruled. See e.g. In re Lewis (Apr. 30, 1997), Athens App. Nos. 96CA1760 96CA1763, unreported; State v. Rozell (Jun. 20, 1996), Pickaway App. No. 95CA17, unreported; State v. Kennedy (Oct. 2, 1995), Athens App. No. 95CA1657, unreported. Otherwise, in the absence of a Civ.R. 54(B) finding of "no just reason for delay," which does not appear in the foreclosure decree, we would not have a final appealable order.
[5] Appellee incorrectly argues in its brief that we "must give great deference to the trial court's findings which were rendered in accord with the manifest weight of the evidence." This is patently wrong. The function of a trial court on summary judgment is not to weigh evidence but, rather, to determine if the evidence was such that genuine disputes existed as to issues of material fact. This was a legal inquiry, not a factual one, and is subject to de novo review by the appellate court.
[6] Civ.R. 56(C) states, in pertinent part, that "[t]he motion shall be served at least fourteen days before the time fixed for hearing. The adverse party, prior to the day of hearing, may serve and file opposing affidavits." (Emphasis added).