{¶ 1} Appellant Ronald Foster ("Foster"), pro se, appeals the decision of the Shaker Heights Municipal Court that granted appellee Ford Motor Credit Company's ("Ford") motion for summary judgment. Finding no error in the proceedings below, we affirm.
 {¶ 2} The following is a brief description of the case. Foster leased a Ford Focus from Liberty Ford in Bedford, Ohio. Pursuant to the lease agreement, Liberty Ford assigned its lease to Ford Motor Credit Company. Foster failed to return the leased vehicle to the dealership as provided under the terms of the Lease Agreement and Extension Agreement. Eventually the car was repossessed and sold at an auto auction. Because a deficiency balance remained, Ford sued Foster in Shaker Heights Municipal Court.
 {¶ 3} Foster filed an answer and counterclaim alleging damages in the amount of $1.5 million, which amount exceeded the municipal court's jurisdiction. Ultimately, Foster amended his counterclaim requesting "class statutory damages of at least $15,000 against each PLAINTIFFS under the Truth in Lending Act," as well as damages under the Fair Debt Collection Practices Act. Foster filed numerous unintelligible motions.
 {¶ 4} On October 1, 2004, Ford filed a motion for summary judgment, and Foster filed an objection to Ford's motion for summary judgment. Ford's motion for summary judgment was granted on November 3, 2004.
 {¶ 5} Foster appeals, advancing eight assignments of error for our review. We will address each assignment of error, although most assignments of error and arguments therein are incomprehensible.
 {¶ 6} "I. The trial court erred in granting the Appellee/Plaintiff's motion for summary judgment."
 {¶ 7} Ford filed a motion for summary judgment, and Foster filed an "Objection to Plaintiff's Motion for Summary Judgment," claiming, among other things, failure of the court to compel discovery. The court granted summary judgment, stating:
"In this case, the Defendant [Foster], has not supplied affidavits or other material specified in Civ.R. 56(C), which suggests that a question of material fact exists.
Defendant has failed to comply with any of the requirements of Civ.R. 56 of the Ohio Rules of Civil Procedure. Therefore, the Court finds that there exists no genuine issue of material fact, and Plaintiff is entitled to judgment as a matter of law."
 {¶ 8} On appeal, Foster contends that the trial court should not have granted Ford's motion for summary judgment without a hearing or without at least setting a filing deadline for Foster's response.
 {¶ 9} It is well settled that the trial court is not required to schedule an oral hearing in every motion for summary judgment. See Civ.R. 56; Doe v. Beach House Dev. Co. (2000), 136 Ohio App.3d 573,582-583. Civ.R. 56 sets forth the requirements for a party seeking summary judgment. Once the required record for summary judgment is provided, the trial court is free to rule upon the motion for summary judgment without conducting an oral hearing. Brown v. Akron BeaconJournal Publishing Co. (1991), 81 Ohio App.3d 135. Where either party requests an oral hearing on a motion for summary judgment, it is within the sound discretion of the trial court whether to grant or deny such a request. Potter v. Troy (1992), 78 Ohio App.3d 372; Gates MillsInvest. Co. v. Pepper Pike (1979), 59 Ohio App.2d 155.
 {¶ 10} Furthermore, in Hooten v. Safe Auto Ins. Co., 100 Ohio St.3d 8,17, 2003-Ohio-4829, the Supreme Court of Ohio held that a trial court need not notify the parties of the date of consideration of a motion for summary judgment or the deadlines for submitting briefs and Civ.R. 56 materials if a local rule of court provides sufficient notice of the hearing date or submission deadlines.
 {¶ 11} First, Foster filed a response to Ford's motion for summary judgment. Second, Foster did not request an oral hearing. Third, even if Foster had not filed a response, the court did not err when it ruled on the motion for summary judgment because the rules of the Shaker Heights Municipal Court require all responses or oppositions to motions to be filed within 28 days; therefore, Foster was provided sufficient notice of the submission deadline.
 {¶ 12} Foster's first assignment of error is overruled.
 {¶ 13} "II. The trial court erred in failing to conduct an independent analysis of the legal issues but merely rubber-stamped the magistrate's findings via a formal journal entry."
 {¶ 14} "III. The Trial Court erred as a matter of law and to the prejudice of the appellant when the court magistrate to whom the case was referred failed to prepare and file a written report, including a statement of the basis of her findings and recommendations as required by Ohio Civil Rule 53(E) and the judgment thereon was entered without hearing before the magistrate."
 {¶ 15} Under these two assignments of error, Foster states that the magistrate did not prepare and file a written report, including a statement of the basis of its findings and recommendations pursuant to Civ.R. 53(E). Consequently, Foster argues it was error for the trial court to adopt the magistrate's decision without conducting an independent analysis.
 {¶ 16} The record reflects that Judge Keith Belkin, an acting judge, not a magistrate, granted Ford's motion for summary judgment; therefore, Civ.R. 53 does not apply. Furthermore, Civ.R. 52 states that "[f]indings of fact and conclusions of law required by this rule and Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56 [summary judgment]." (Emphasis added.) Hence, we find Foster's argument to be without merit.
 {¶ 17} Foster's second and third assignments of error are overruled.
 {¶ 18} "IV. The trial court committed prejudicial error to the appellant, through the total and complete abridgment, violation, and denial of appellant's rights to due process of law, as expressly guaranteed by the Fourteenth Amendment of the United States Constitution by denying him a hearing to take place with Appellant or his attorney present."
 {¶ 19} Foster again argues that the trial court failed to conduct an independent analysis of the legal issues and merely rubber-stamped the magistrate's findings via a form journal entry, which he claims was factually incorrect. Foster quotes the journal entry as saying "This matter came for hearing on objections to the magistrate's report * * *" and claims it is incorrect because no hearing was held on the objections.
 {¶ 20} We find no such journal entry in the record before us. Furthermore, the judge independently ruled on the motion for summary judgment and did not merely "rubber-stamp" a magistrate's ruling.
 {¶ 21} Foster's fourth assignment of error is overruled.
 {¶ 22} "V. The trial court erred in entering judgment upon the report of magistrate and journal entry without affording defendant the opportunity to file objections thereto."
 {¶ 23} Under this assignment of error, Foster argues that he was denied the opportunity to file objections to the magistrate's decision because the magistrate never filed a report pursuant to Civ.R. 53.
 {¶ 24} Again, we find this argument to be without merit, since it was a judge and not a magistrate who ruled on the motion for summary judgment; therefore, Civ.R. 53 does not apply.
 {¶ 25} Foster's fifth assignment of error is overruled.
 {¶ 26} "VI. The trial court abused its discretion when it terminated pretrial discovery efforts regarding fundamental issues in the litigation solely in order to expedite the conclusion of the case and such is an abuse of discretion."
 {¶ 27} Under this assignment of error, Foster argues that the trial court erred when it allegedly terminated pretrial discovery. The order at issue states "[d]efendant's motion for order compelling answers to interrogatories is not well-taken, is improperly captioned and is denied."
 {¶ 28} Absent an abuse of discretion, a reviewing court must affirm a trial court's disposition of discovery issues. State ex rel. The V Cos.v. Marshall, 81 Ohio St.3d 467, 469, 1998-Ohio-329. An abuse of discretion is more than an error of judgment, but instead connotes "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd., 66 Ohio St.3d 619, 621, 1993-Ohio-122. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 29} A review of the record indicates that the trial court did not abuse its discretion when it denied Foster's motion to compel as Ford had complied with Foster's discovery requests to the extent that it was able to discern what Foster was asking.
 {¶ 30} Foster's sixth assignment of error is overruled.
 {¶ 31} "VII. The trial court erred in adopting the magistrate's report without detail summarization of balances owed."
 {¶ 32} Under this assignment of error, Foster argues that Ford failed to provide Foster and the court with "documents reflecting a proper statement of account."
 {¶ 33} Again, we find this argument to be without merit. Attached to Foster's own answer and counterclaim is a copy of the documents he claims he did not receive. When the car was repossessed and sold at auction, the remaining balance owed to Ford was $4,615.66 plus interest. The trial court did not err in awarding $4,615.66 plus interest to Ford.
 {¶ 34} Foster's seventh assignment of error is overruled.
 {¶ 35} "VIII. The trial court erred in allowing plaintiff's attorney to answer interrogatories for individual parties."
 {¶ 36} Under this assignment of error, Foster argues that the trial court erred when it permitted Ford's attorney to answer interrogatories for Greg C. Smith, an individual party, in violation of Civ.R. 33(A).
 {¶ 37} We find this argument to be without merit because Greg C. Smith was not a party to the action and the trial court advised Foster that Smith was not a party and ordered Foster to refrain from referencing him.
 {¶ 38} Foster's eighth assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Shaker Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, and Kilbane, J., concur.