JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant-appellant, Marquetta Nicholson ("Nicholson"), appeals the trial court's decision granting summary judgment and default judgment in favor of substituted plaintiff-appellee, Bank of New York, as Trustee for Certificate Holders CWMBS 2005-R1 ("the Bank").
 {¶ 2} In 2003, Nicholson purchased a house on Avon Avenue in Cleveland. The mortgage was secured by a loan from the Bank. Nicholson failed to make her mortgage payments so the Bank filed a complaint for foreclosure. Nicholson, by and through her attorney, answered the complaint and admitted that she had failed to make all the payments on the note. The Bank moved for summary judgment against Nicholson and default judgment against her "unknown spouse" and "unknown tenant."[1]
The motion for default judgment was set for a hearing before a magistrate. After the hearing, the magistrate issued a recommendation to grant summary judgment and default judgment. Nicholson filed objections to the magistrate's decision, pro se, but the trial court overruled her objections and adopted the magistrate's decision.
 {¶ 3} Nicholson appeals, pro se, and raises three assignments of error for our review. We have combined the assignments of error because they involve the same issue. Nicholson argues that trial court erred in failing to schedule a hearing on the Bank's motions for summary judgment and default judgment. *Page 3 {¶ 4} The docket in this case reflects that the trial court issued an order setting a default hearing for October 11, 2006, and ordering the Bank to send notice to all involved parties. The Bank then filed its notice of hearing with the trial court. The notice included a certificate of service, whereby counsel for the Bank attested that counsel for Nicholson had been served a copy of the notice via U.S. mail. See Marino v. Oriana House, Inc., Summit App. No. 23389,2007-Ohio-1823, Tf13. Although Nicholson claims she never received notice, service by mail upon a party's attorney is proper notice. See Civ.R. 5(B).[2] Moreover, the Bank did not seek default judgment against Nicholson but against the "unknown spouse of Marquetta P. Nicholson" and the "unknown tenant," as is commonly done in foreclosure actions, and served them at the same address where Nicholson resides. Nevertheless, there is no evidence in the record indicating that Nicholson failed to receive notice, and we find that notice to her attorney was sufficient.
 {¶ 5} Finally, although the docket does not reflect which parties appeared at the default hearing, we note that the magistrate found that the parties were properly notified.
 {¶ 6} As to the motion for summary judgment, pursuant to the local rules, a trial court is not required to schedule an oral hearing before ruling on a motion for summary judgment. Loc.R. 11(I)(2); Ford MotorCredit Co. v. Foster, Cuyahoga *Page 4 
App. No. 85623, 2005-Ohio-6091; see also Doe v. Beach House Dev.Co. (2000), 136 Ohio App.3d 573, 582-583, 737 N.E.2d 141.
 {¶ 7} Loc.R. 11 of the Cuyahoga County Common Pleas Court provides:
 "(I) Unless otherwise ordered by the Court,
 "(1) a party opposing a motion for summary judgement made pursuant to Civil Rule 56 may file a brief in opposition with accompanying evidentiary materials (as permitted by Civil Rule 56(C)) within thirty (30) days of service of the motion. * * *
 "(2) unless otherwise ordered by the Court, motions for summary judgment shall be heard on briefs and accompanying evidentiary materials (as permitted by Civil Rule 56(C)) without oral argument."
 {¶ 8} Nicholson never requested an oral hearing nor filed any opposition to the Bank's motion for summary judgment. Because the plain language of the local rule does not require a hearing, we find the trial court did not err in ruling upon the motion without a hearing after allowing the parties the appropriate time in which to file a brief in opposition. See Blue View Corp. v. Gordon, Cuyahoga App. No. 88936,2007-Ohio-5433; Novosel v. Gusto, Inc. (Dec. 3, 1998), Cuyahoga App. No. 73575; Francis E. Gaul v. Sterling Plate Glass Paint, Co., et al.
(Aug. 25, 1994), Cuyahoga App. No. 64842.
 {¶ 9} Therefore, we overrule the assignments of error.
 {¶ 10} Accordingly, judgment is affirmed. *Page 5 
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., CONCURS IN JUDGMENT ONLY ANTHONY O. CALABRESE, JR., J., CONCURS
[1] These defendants are not parties in the instant appeal.
[2] The record does not indicate when Nicholson started representing herself, and Nicholson does not contend that her former counsel failed to properly notify her of the hearing date or his withdrawal from the case. *Page 1