DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, awarding summary judgment to a lender in a foreclosure action.
 {¶ 2} When appellants, Charles and Angela Provo, purchased residential property in Holland, Ohio, in 1999, they secured financing through Mid Am Financial Services, Inc., predecessor-in-interest of appellee, EquiCredit Corporation of America.[1] Mid Am Financial loaned appellants $71,920 on a note secured by a mortgage on the property.
 {¶ 3} In 2002, appellee filed an action alleging that appellants had defaulted on the note. Appellee sought foreclosure of the mortgage. In its complaint, appellee stated with respect to the note that a copy was "unavailable at this time." Attached to the complaint was a copy of the recorded mortgage and a recorded assignment of the same mortgage to appellee. Appellants answered the complaint, denying the validity of the mortgage as a lien, "* * * in the absence of the note * * *."
 {¶ 4} On March 17, 2003, appellee filed an affidavit from a "foreclosure specialist" who averred familiarity with appellants' account. The foreclosure specialist stated that appellee is the holder of the promissory note at issue which "has been lost and cannot be located." On March 31, 2003, appellee moved for summary judgment. With the motion, appellee filed a second affidavit from the foreclosure specialist verifying an attached copy of the mortgage, and testifying that the terms of the note and the mortgage were in default, resulting in an amount due of $71,003.39 plus interest 10.99 percent from March 1, 2002.
 {¶ 5} Appellee's response to the motion for summary judgment was a memorandum in opposition premised solely on what appellants assert was appellee's failure to prove the lost note.
 {¶ 6} When the trial court granted appellee's motion, this appeal followed. Appellants set forth a single "issue on appeal" which we shall construe as their assignment of error:
 {¶ 7} "The grant of summary judgment to plaintiff was in error because the defendant did not provide the proof necessary under Ohio's statute dealing with lost notes, Ohio Revised Code §1303.38 and accordingly the grant of summary judgment should be vacated."
 {¶ 8} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 {¶ 9} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 67, Civ.R. 56(C).
 {¶ 10} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery
(1984), 11 Ohio St.3d 75, 79."
 {¶ 11} Ohio's enactment of UCC 3-309, R.C. 1303.38, provides:
 {¶ 12} "(A) A person not in possession of an instrument is entitled to enforce the instrument if all of the following apply:
 {¶ 13} "(1) The person was in possession of the instrument and entitled to enforce it when loss of possession occurred.
 {¶ 14} "(2) The loss of possession was not the result of a transfer by the person or a lawful seizure.
 {¶ 15} "(3) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.
 {¶ 16} "(B) A person seeking enforcement of an instrument under division (A) of this section must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, divisions (A) and (B) of section 1303.36 of the Revised Code applies to the case as if the person seeking enforcement had produced the instrument. * * *"
 {¶ 17} Appellants insist that appellee failed to prove when the note was lost; therefore, it cannot meet its burden under R.C. 1303.38(A)(1) to show possession at the time of the loss. Moreover, appellants maintain that appellee offered no evidence at all that the loss of the note was not the result of a transfer or a lawful seizure. Finally, appellants suggest, appellee failed to prove the terms of the note, because there was no indication of the amount of the monthly payment or how interest was to be calculated.
 {¶ 18} The unrefuted combined affidavits of the foreclosure specialist established that appellee is holder of a promissory note executed by appellants and that note and its accompanying mortgage are the subject of this lawsuit. A holder is a person in possession, see 22 Lord, Williston on Contracts (4 Ed. 2002) 599, Section 60:36, and is entitled to enforce the instrument. R.C.1303.31 (UCC 3-301). Thus, the affidavits satisfy the requirements of R.C. 1303.38(A)(1).
 {¶ 19} The affidavits also state that the note was "lost and cannot be located." Under ordinary circumstances, we would certainly find disingenuous an assertion that something is lost and cannot be located when it was, in fact, transferred to another or lawfully seized. Thus, absent an assertion that indeed the note has been transferred or seized, we will not infer that it has. Accordingly, R.C. 1303.38(A)(2) is satisfied. Additionally, the same phrase may be reasonably construed as equivalent to "its whereabouts cannot be determined." Thus, R.C.1303.38(A)(3) is satisfied.
 {¶ 20} Finally, we must conclude that appellee's omission of the monthly payment amount is immaterial. The affidavit establishes a default and specifies an amount at a set date. If appellants contested the accuracy or veracity of these figures, they were free to file a competing affidavit setting out grounds for the dispute. They did not; consequently, the material terms of the agreement were unrefuted. Thus, R.C. 1303.38(B) is satisfied. Accordingly, there was no genuine issue of material fact and appellee was entitled to judgment as a matter of law. Appellants' sole assignment of error is not well-taken.
 {¶ 21} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Pietrykowski, J. Singer, P.J. concur.
[1] There is reference in the pleadings to "J.P. Morgan Chase Bank as Trustee for GSRPM Mortgage Loan Trust" as a substituted plaintiff, yet no motion for, or judgment of, such substitution appears. For this reason, we shall not disturb the caption.