JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas and the briefs of counsel. *Page 3 
 {¶ 2} In this accelerated appeal, appellant Luther L. Gordon appeals the trial court's granting of summary judgment in favor of appellee mortgage holders Blue View Corporation ("Blue View") and Matrix Financial Services ("Matrix") in the foreclosure action against him. Appellant raises two assignments of error for our review. In his first assignment of error, appellant argues that summary judgment was improperly granted to plaintiff-appellee Blue View because Blue View failed to produce a copy of the promissory note secured by the second mortgage. In his second assignment, appellant argues that the trial court committed reversible error by failing to give notice of a fixed hearing date for the summary judgment motions or at least notifying the parties of the date the motions would be submitted for resolution.
 {¶ 3} After a consideration of the record and pertinent law, we affirm the judgment of the trial court. The pertinent facts follow.
 {¶ 4} Ernestine Gordon, appellant's mother, purchased the subject property in January 1990 and held title to the property until she died in November 2004. Pursuant to a transfer on death deed executed by Mrs. Gordon in August 2003 and recorded in September 2003, upon her death, Mrs. Gordon's title to the property transferred to appellant. At the time of death, there were two mortgage liens recorded against the property. Appellant took title to the property subject to these recorded liens. *Page 4 
 {¶ 5} The first mortgage secured a 1993 loan from Mountain States Mortgage Centers in the amount of $58,698. This mortgage was assigned to appellee Matrix in 1999. A verified statement attached to Matrix's motion for summary judgment shows regular payments were made and applied to the loan balance until April 25, 2005. No payment was received after that date, leaving an unpaid principal balance of $49,923.35.
 {¶ 6} The second mortgage secured a 1999 loan from Bank One to Mrs. Gordon in the amount of $33,925. This second mortgage was assigned to appellee Blue View in December 2003. There is no evidence in the record of any payments made on this loan, but the affidavit in support of Blue View's motion for summary judgment attested to an unpaid balance due on the loan of $30,912.92 plus interest at 10.90% from April 9, 2001.
 {¶ 7} In June 2001, Mrs. Gordon filed a Chapter 7 bankruptcy action. In the bankruptcy filing, Mrs. Gordon listed the value of the property as $74,000 and the debt secured by the two mortgages as $90,000. She was granted a discharge in her bankruptcy case on October 16, 2001.
 {¶ 8} On July 7, 2005, Blue View filed a complaint in common pleas court against appellant and Matrix seeking foreclosure and sale of the property to satisfy the debt secured by its mortgage. Blue View stated the amount of the debt was $30,912.92 plus interest at 10.9% from April 9, 2001. Attached to the complaint was a copy of the mortgage to Bank One and the subsequent *Page 5 
assignment to Blue View. The complaint stated that the promissory note could not be found.
 {¶ 9} Appellant filed a pro se answer on July 19, 2005, asserting that Blue View could not foreclose against him because he did not have a loan with Blue View and because bankruptcy had eliminated his mother's debt.
 {¶ 10} Blue View filed a motion for summary judgment on August 9, 2005. The motion was supported by an affidavit of the Blue View employee charged with supervising the loan. The affidavit stated that the employee had personal knowledge of the history of the loan and was custodian of the records pertaining to the note and mortgage. The affidavit further stated that Blue View had accelerated the loan according to the terms of the note and mortgage and that despite due diligence, a copy of the note could not be found but that the amount due and owing was $30,912.92 plus interest at 10.9% from April 9, 2001.
 {¶ 11} Appellee Matrix filed its answer and a cross-claim against appellant on September 2, 2005 seeking $49,923.35 plus interest at 8% from May 1, 2005 on the first mortgage. Appellant filed a pro se answer to the cross-claim on October 3, 2005 denying liability and raising his mother's bankruptcy as a defense. Appellant also raised as a defense that the mortgage had been assigned to Dovenmuehle Mortgage, Inc. ("Dovenmuehle") and that he had made payments to Dovenmuehle until April 18, 2005. Appellant attached copies of letters from his homeowners insurance company showing the change in *Page 6 
mortgagee, and a letter dated September 13, 2005 from Dovenmuehle stating it was beginning foreclosure proceedings against him.
 {¶ 12} Matrix filed a motion for summary judgment on March 9, 2006.
 {¶ 13} The record also contains a number of pieces of correspondence from appellant directed to the court. In them appellant alleges that appellees had conspired to defraud both him and the federal courts, engaged in extortion and acts of terrorism, and caused his mother and him mental anguish. He asked the court for assistance in filing murder and other felony charges against appellees. Attached to some of the correspondence was a copy of documents from his mother's bankruptcy and correspondence allegedly received from appellees relating to the loans. None of his filings included affidavits or other evidentiary materials permitted under Civ.R. 56(C).
 {¶ 14} In March 2006, both appellees filed for default judgment against appellant's "unknown spouse." On July 26, 2006, a hearing was held on these default motions. Appellant appeared at the hearing without counsel. The magistrate rescheduled the hearing until September 6, 2006 to give appellant time to obtain legal counsel. Appellant obtained counsel and on August 28, 2006, filed a stipulated leave to plead, an answer to the complaint, and a reply to the amended cross-claim. The answer and reply contained only a brief general denial of all claims. The only affirmative defense raised was one of estoppel against Blue View. Neither appellant nor his counsel attended the rescheduled *Page 7 
hearing on September 6, 2006. On September 9, 2006, the magistrate issued an order granting summary judgment to both appellees on their unopposed motions and a decision granting foreclosure.
 {¶ 15} On September 22, 2006, appellant filed objections to the magistrate's decision granting summary judgment. Appellant argued that the mortgage conditions were tied to the terms of the promissory note and that Blue View failed to produce the note. Appellant also challenged the amount due to Matrix claiming there were payments made on the loan by his mother and by him. Finally, appellant argued that the court could not grant the summary judgment motions because a fixed hearing date had not been set.
 {¶ 16} On September 27, 2006, the trial court issued a ruling adopting the magistrate's decision as the judgment of the court. On October 13, 2006, the court then overruled appellant's objections to the magistrate's decision and once again adopted the decision without modification, adhering to the judgment previously issued. See Civ.R. 53(D)(4)(e)(i). This appeal followed.
 {¶ 17} Both of appellant's assignments of error assert that the trial court erred in granting summary judgment to appellees. We review the granting of summary judgment under a de novo standard. We afford no deference to the trial court's decision, and independently review the record to determine whether summary judgment is appropriate. *Page 8 
 {¶ 18} Pursuant to Civ.R. 56(C), parties seeking summary judgment must prove that 1) there is no genuine issue of material fact; 2) they are entitled to judgment as a matter of law; and 3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107. The party moving for summary judgment carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. Id. If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party does meet this burden, summary judgment will be appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact. Id. Material facts are those facts "that might affect the outcome of the suit under the governing law." Turner v. Turner, 67 Ohio St.3d 337, 340,1993-Ohio-176, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248.
 I {¶ 19} Appellant argues that summary judgment was improperly granted to appellee Blue View because no promissory note was produced and the mortgage deed did not state the terms of the loan outside of the principal amount. We find no merit to this argument.
 {¶ 20} Blue View's failure to attach a copy of the promissory note does not prevent the granting of summary judgment in this case. R.C.1303.38 permits the enforcement of a lost security instrument under certain circumstances. *Page 9 
Through the affidavit attached to its motion for summary judgment, Blue View established that it is the holder of the note, is entitled to enforce it, and that the note was lost and could not be located. The affidavit further established that a default had occurred and specifies an amount due as of a set date. These assertions, when unrefuted, are sufficient to satisfy R.C.1303.38. See EquiCredit Corp. of Am. v.Provo, Lucas App. No. L-03-1217, 2006-Ohio-3981. Appellant did not oppose Blue View's motion for summary judgment and therefore did not contest the accuracy or veracity of Blue View's assertions.
 {¶ 21} Equally without merit is appellant's allegation that the magistrate improperly granted Blue View a money judgment on the note. Blue View is not attempting to collect on its promissory note; it is seeking to enforce its lien against the property. The complaint does not seek a money judgment against appellant; neither does the magistrate's decision grant one. The magistrate's decision finds the amount of the underlying debt to be $30,912.92 plus interest at 10.9% from April 9, 2001; finds the conditions of the mortgage to have been broken, and states that Blue View is entitled to foreclosure. There is no mention of a money or deficiency judgment against appellant. Again, we note that appellant did not oppose the motion for summary judgment upon which these findings are based.
 {¶ 22} Additionally, in response to appellant's pro se allegations that the debt was discharged in bankruptcy, we point out that an unavoided mortgage *Page 10 
lien is not affected by the discharge in bankruptcy of the debtor's personal liability for the debt. "A defaulting debtor can protect himself from personal liability by obtaining a discharge in a Chapter 7 liquidation. However, such a discharge extinguishes only `the personal liability of the debtor' * * *. [A] creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." Johnson v. HomeState Bank (1991), 501 U.S. 78, 83 (internal cites omitted); see, also,Seabrooke v. Garcia (1982), 7 Ohio App.3d 167, 168. Blue View is entitled to pursue its action in rem for the foreclosure of the mortgage lien. Seabrooke, 7 Ohio App.3d at 168.
 {¶ 23} Appellant's first assignment of error is overruled.
 II {¶ 24} In his second assignment of error, appellant asserts that it is reversible error for the trial court to grant summary judgment without first setting a fixed date for a hearing on the motion or at least advising the parties of a specific date that the motions would be deemed submitted for resolution. Appellant is mistaken in his statement of the law.
 {¶ 25} The Supreme Court of Ohio addressed this exact issue and found against appellant's position in Hooten v. Safe Auto Ins. Co.,100 Ohio St.3d 8, 2003-Ohio-4829. The court held:
 {¶ 26} "We are persuaded by the reasoning of those courts that find that a local rule of court may notify parties of a summary judgment hearing or of *Page 11 
deadlines for submission of memoranda and Civ.R. 56 materials. Therefore, we hold that a trial court need not notify the parties of the date of consideration of a motion for summary judgment or the deadlines for submitting briefs and Civ.R. 56 materials if a local rule of court provides sufficient notice of the hearing date or submission deadlines." Id. at ¶ 33.
 {¶ 27} Pursuant to local rule, the trial court is not required to schedule an oral hearing on motions for summary judgment. Loc.R.11 (I)(2); Ford Motor Credit Co. v. Foster, Cuyahoga App. No. 85623,2005-Ohio-6091. Additionally, none of the parties in this case requested an oral hearing. As to notice of submission deadlines for summary judgment motions, Loc.R. 11 of the Cuyahoga County Common Pleas Court sufficiently provides:
 {¶ 28} "(I) Unless otherwise ordered by the Court,
 {¶ 29} "(1) a party opposing a motion for summary judgment made pursuant to Civil Rule 56 may file a brief in opposition with accompanying evidentiary materials (as permitted by Civil Rule 56(C)) within thirty (30) days of service of the motion. * * *
 {¶ 30} "(2) unless otherwise ordered by the Court, motions for summary judgment shall be heard on briefs and accompanying evidentiary materials (as permitted by Civil Rule 56(C)) without oral argument."
 {¶ 31} "Civ.R. 56s procedural fairness requirements place significant responsibilities on all parties and judges to ensure that summary judgment *Page 12 
should be granted only after all parties have had a fair opportunity to be heard." Hooten at ¶ 34. Blue View's motion for summary judgment was filed on August 9, 2005. Matrix's motion was filed on March 9, 2006. The magistrate's decision granting both motions was issued on September 6, 2006, one year after the first motion was filed and six months after the second. Even considering the fact that appellant did not retain counsel until after advised to do so by the magistrate at the July 26, 2006 hearing, appellant was given a fair opportunity to oppose the motions or to request an extension of time to respond.
 {¶ 32} The record reflects that Blue View and Matrix supported their motions for summary judgment with affidavits showing they were holders of valid first and second mortgages on the property; that those mortgages were in default and the debt was accelerated; and that the default was not cured. They provided evidence of a specific amount due as of a set date. Appellant submitted no evidence in opposition. Accordingly, there was no genuine issue of material fact and appellees were entitled to judgment as a matter of law.
 {¶ 33} Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. *Page 13 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, P.J., and COLLEEN CONWAY COONEY, J., CONCUR. *Page 1