[Cite as *Natl. City Mtge. v. Piccirilli*, 2011-Ohio-4312.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT


| NATIONAL CITY MORTGAGE CO. c/o ) | CASE NO. 08 MA 230 |
|---|---|

NATIONAL CITY MORTGAGE CO. c/o  )
NATIONAL CITY MORTGAGE          )       CASE NO. 08 MA 230
                                )
      PLAINTIFF-APPELLEE        )
                                )
VS.                             )       OPINION
                                )
RALPH P. PICCIRILLI, et al.     )
                                )
      DEFENDANTS-APPELLANTS     )


CHARACTER OF PROCEEDINGS:        Civil Appeal from the Court of Common
                                 Pleas of Mahoning County, Ohio
                                 Case No. 2003 CV 4036

JUDGMENT:                        Affirmed.

APPEARANCES:

For Plaintiff-Appellee:          Atty. George J. Annos
                                 Atty. Carlisle, McNellie, Rini, Kramer
                                   & Ulrich Co., L.P.A.
                                 24755 Chagrin Boulevard, #200
                                 Cleveland, Ohio  44122

For Defendants-Appellants:       Atty. Michael P. Marando
                                 Pfau, Pfau & Marando
                                 P.O. Box 9070
                                 Youngstown, Ohio  44513


JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                 Dated:  August 24, 2011

[Cite as *Natl. City Mtge. v. Piccirilli*, 2011-Ohio-4312.]
WAITE, P.J.

{1} Appellants Ralph and Lynn Piccirilli appeal the judgment of the Mahoning County Court of Common Pleas in a foreclosure action. The court ruled in favor of the bank, Appellee Christiana Bank and Trust Company ("Christiana Bank"). Appellants argue that Christiana Bank has no standing because it did not provide the original promissory note as evidence. Despite the lack of a promissory note, the record does contain the original home equity line of credit agreement and the proper assignments of the mortgage and line of credit to Christiana Bank. Hence, sufficient evidence was presented to establish standing. Appellants also argue that they could not be found to have breached the conditions of their promissory note if the note is not produced as evidence. As stated, Appellants took out a home equity line of credit, and it is the breach of the terms of this line of credit, in addition to the breach of the promissory note, that allowed Christiana Bank to foreclose on the mortgage. Further, in any matter where the promissory note cannot be found, a party may use other types of evidence to verify the existence and terms of the debt secured by a mortgage. The record contains sufficient evidence of the promissory note's terms and the related line of credit to warrant summary judgment in favor of Christiana Bank. Appellants' arguments are unconvincing and the judgment of the trial court is affirmed.

### History of the Case

{2} Appellants held title to a house located at 8391 Morningside Drive, Poland, Ohio. On March 3, 1994, they executed a $60,000 home equity line of credit (named an Equi-line Credit Account Agreement) with the Mahoning National Bank.

Appellants entered into a second mortgage on the property with Dollar Savings and Trust Co. on April 2, 1994, in the amount of $49,800. The second mortgage was simultaneously assigned to National City Mortgage Co. Mahoning National Bank waived priority of its lien and the waiver was duly recorded. Appellants obtained a third mortgage from National City Bank on February 25, 1999, as part of a $75,000 home equity line of credit.

{3} National City Mortgage Co. filed a foreclosure complaint on November 13, 2003, on the $49,800 line of credit. National City Mortgage Co. alleged that Appellants owed $24,962 on the mortgage with interest from July 1, 2003. Mahoning National Bank was listed as a defendant due to its possible interest in the property. Sky Bank, as successor in interest by merger with Mahoning National Bank, filed an answer on January 24, 2004, claiming an interest in the property based on the initial $60,000 line of credit entered into by Appellants. National City Mortgage Co. subsequently filed a motion for summary judgment, which was overruled.

{4} On March 29, 2007, SN Servicing Corp. filed a motion to be substituted for Sky Bank as a defendant. The reason for the substitution was that SN Servicing Corp. was the present holder of the note and mortgage originally issued by Mahoning National Bank. The motion was granted on March 30, 2007.

{5} The case was set for discovery and trial. Discovery was to be completed by June 1, 2007, and trial was set for November 5, 2007.

**{6}** The case was heard before a magistrate. The magistrate granted the foreclosure complaint and ordered a sheriff's sale. Appellants filed objections to the magistrate's decision on November 20, 2007.

**{7}** Before the court ruled on Appellants' objection, on December 18, 2007, Christiana Bank filed a motion to be substituted for SN Servicing Corp., alleging that it had been assigned the note and mortgage originally issued by Mahoning National Bank. Also on December 18, 2007, Christiana Bank filed a motion for leave to file an amended answer, counterclaim and cross-claim. Christiana Bank argued that their loan, which was second in priority to the National City Mortgage Co. loan, was not in default when Sky Bank filed its initial answer to the complaint filed by National City Mortgage Co. The Sky Bank loan subsequently went into default on January 16, 2005. Sky Bank transferred the servicing of the loan to SN Servicing Corp. in March 2006. Sky Bank then assigned the loan to Mortgage Electronic Registration Systems, Inc. ("MERS"), on May 16, 2006. Mortgage Electronic Registration Systems assigned the mortgage to Christiana Bank on October 22, 2007. Christiana Bank argued that, over the course of the aforementioned events, Appellants had allowed their Sky Bank loan to become sufficiently delinquent to warrant foreclosure proceedings on the mortgage. The motion by Christiana Bank to file an amended answer, counterclaim and cross-claim was granted the same day.

**{8}** On January 17, 2008, Christiana Bank filed an amended answer, counterclaim and cross-claim. The first claim was for personal judgment on the promissory note. The second claim was to foreclose on the mortgage securing

Appellants' debt. Christiana Bank alleged that it was holder of a promissory note, supposedly attached to the answer as Exhibit A, and that Appellants owed $51,893.58 plus interest and fees. Exhibit A, though, was actually a copy of the Equi-line Credit Account Agreement. Exhibit B was a copy of the mortgage, which secured advances that the mortgagee "has made contemporaneously herewith or may hereafter make".

{9} Christiana Bank filed a motion for summary judgment on July 10, 2008. On September 23, 2008, Appellants filed a response and their own motion for summary judgment.

{10} On September 23, 2008, the parties filed five joint stipulations. These stipulations were: an assignment of the mortgage from Sky Bank to Mortgage Electronic Registration Systems; an assignment of the mortgage from Mortgage Electronic Registration Systems to Christiana Bank; an allonge to the $60,000 promissory note stating that the payee of the note is Christiana Bank, signed by Sky Bank; an endorsement allonge to the note executed August 30, 2006, signed by the vice president of Christiana Bank; and Christiana Bank's loan history of Appellants' home equity line of credit account from February 13, 2005, until June 12, 2008.

{11} On October 21, 2008, the court entered its judgment. The court granted summary judgment to Appellants on the matter of the personal judgment for default of the promissory note. The court also granted summary judgment, in rem, to Christiana Bank on their mortgage foreclosure complaint. The court found that there

was $51,893.58 due on the mortgage from December 16, 2004, plus interest and late charges. This appeal followed on November 20, 2008.

**{12}** A judgment entry ordering foreclosure and determining the number, priority and value of other liens on the property is a final appealable order. *Second Nat. Bank of Warren v. Walling*, 7th Dist. No. 01-C.A.-6, 2002-Ohio-3852.

**{13}** The assignments of error will be taken out of order for convenience.

<u>ASSIGNMENT OF ERROR NO. 3</u>

**{14}** "The trial court abused its discretion in granting Appellee leave to file its cross-claim."

**{15}** Appellants assert that the trial court should not have allowed Christiana Bank to file an amended answer and cross-claim on December 18, 2007. Appellants are aware that Civ.R. 15(A) gives the trial court discretion in allowing a party to amend its answer, and that "[l]eave of court shall be freely given when justice so requires." Appellants are also aware that an abuse of discretion can only be found if the trial court's decision is unreasonable, arbitrary or unconscionable. *Natl. City Bank v. Beyer* (2000), 89 Ohio St.3d 152, 159, 729 N.E.2d 711.

**{16}** Appellants' primary argument is that justice did not require the trial court to grant the motion to amend when the motion was filed so long after the original answer. The standard of "when justice so requires" is a very liberal standard, and "a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party." *Hoover v. Sumlin* (1984), 12 Ohio St.3d 1, 6, 465 N.E.2d 377. Further, delay in filing a motion to amend the pleadings,

in and of itself, should not operate to preclude an amendment. *Frayer Seed, Inc. v. Century 21 Fertilizer & Farm Chem., Inc.* (1988), 51 Ohio App.3d 158, 165, 555 N.E.2d 654.

{17} Given that the $60,000 line of credit was not in default at the time that Christiana Bank's predecessor in interest filed its answer, and given that the mortgage was not assigned to Christiana Bank until October 22, 2007, there was minimal delay in filing the December 18, 2007, motion to amend. Obviously, the subject matter of the amended pleading was the same subject matter of the earlier pleadings, i.e., Appellants' loan defaults and foreclosure of the property. Appellants do not allege that they were prejudiced by the amended pleadings. Because it is apparent there was no bad faith, undue delay, or prejudice, the trial court did not abuse its discretion in allowing Christiana Bank to amend its answer and assert two cross-claims. This assignment of error is overruled.

## ASSIGNMENTS OF ERROR NOS. 1 AND 2

{18} "The trial court erred in granting summary judgment to Appellee Christiana Bank as to the mortgage."

{19} "The trial court erred in not granting summary judgment to Appellants as to the mortgage."

{20} These two assignments of error deal with the same subject matter and will be treated together. An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court as set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d

102, 105, 671 N.E.2d 241. Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267. When a court considers a motion for summary judgment the facts must be taken in the light most favorable to the non-moving party. Id.

{¶21} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, *and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.*" (Emphasis in original.) *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264. The nonmoving party has the reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. Id. at 293, 662 N.E.2d 264. In other words, the nonmoving party must produce some evidence that suggests that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.* (1997), 122 Ohio App.3d 378, 386, 701 N.E.2d 1023.

{¶22} Appellants' first argument is that Christiana Bank did not have standing to foreclose on the mortgage because it was not the holder of the promissory note secured by the mortgage being foreclosed. Appellants contend that the only party who has standing is the holder of both the note and the mortgage.

**{23}** In foreclosure actions involving a promissory note, the real party in interest is generally the current holder of the note and mortgage. *Chase Manhattan Mtge. Corp. v. Smith*, 1st Dist. No. C061069, 2007-Ohio-5874, ¶18; *Kramer v. Millott* (Sept. 23, 1994), 6th Dist. No. E-94-5. A person who is not a real party in interest generally lacks standing to invoke the jurisdiction of the court to litigate a matter before that court. *State ex rel. Dallman v. Court of Common Pleas, Franklin Cty.* (1973), 35 Ohio St.2d 176, 178, 298 N.E.2d 515. Appellants contend that Christiana Bank does not have the $60,000 promissory note, and this is not the real party in interest. There are a number of problems with Appellants' argument. First, Appellants are assuming that the only means of proving the existence of a promissory note is by producing the note itself. Producing the note is obviously the easiest form of proof, but if the note is lost or otherwise cannot be produced, the party may rely on other evidence. R.C. 1303.31 and 1303.38 specifically provide for the enforcement of lost, destroyed or stolen negotiable instruments. Failure to attach a copy of a promissory note does not prevent a decision to grant summary judgment in a foreclosure action on the property securing the note. *Blue View Corp. v. Gordon*, 8th Dist. No. 88936, 2007-Ohio-5433. If a copy of the note is unavailable, the court may grant summary judgment based on unrefuted assertions made by the lender in an affidavit regarding the note. *Equicredit Corp. of Am. Provo*, 6th Dist. No. L-03-1217, 2006-Ohio-3981, ¶18-19. This is what Christiana Bank has done in this case. Christiana Bank has provided an array of other documents proving that it is the

holder of the mortgage and the note, including allonges, assignment agreements, and account statements.

{24} Appellants cite this Court's opinion in *Washington Mut. Bank, F.A. v. Green*, 156 Ohio App.3d 461, 2004-Ohio-1555, 806 N.E.2d 604, to prove that a mortgagee's affidavit regarding a promissory note and mortgage are insufficient to support a motion for summary judgment. In *Green*, Washington Mutual filed a foreclosure action against Linda Green. The complaint clearly indicated that the original note and the original mortgage were not issued to Washington Mutual, but rather, to Check 'n Go Mortgage Services. Green filed a motion to dismiss alleging that Washington Mutual was not the real party in interest because there was no proof of an assignment of the note or mortgage. The case was then stayed during bankruptcy proceedings, and Green eventually received a discharge of any personal liability for the debt from the bankruptcy court. Washington Mutual filed a motion for summary judgment only with respect to the foreclosure action, admitting that it had no further recourse for a personal judgment on the note due to the bankruptcy discharge. Washington Mutual attached an affidavit from its vice president stating that the affiant had personal knowledge of the account, that the account was in default, and that the copies of the note and mortgage were true and accurate copies.

{25} Green filed a response referencing exhibits from the county recorder's office showing that the note and mortgage had been assigned to Long Beach Mortgage Company, and showing no evidence of any assignment to Washington Mutual. Green argued that there was a genuine issue of material fact as to the

identity of the true mortgage holder. The trial court granted the bank's motion for summary judgment, but we reversed based on Washington Mutual's failure to show how, when or even whether the note and mortgage had been properly assigned.

{26} *Green* is inapposite to the instant appeal because the parties in this case have filed joint stipulations as to the assignment of the note and any other indebtedness, as well as the assignment of the mortgage to Christiana Bank. There is no question that Appellants opened a home equity line of credit with Mahoning National Bank. An open-ended mortgage was executed simultaneously with the line of credit. The mortgage was executed "in consideration of the advances * * * which THE MAHONING NATIONAL BANK OF YOUNGSTOWN * * * has made contemporaneously herewith or may hereafter make * * *." (7/10/08 Motion for Summary Judgment, Exh. B.) Advances were made on the account. The mortgage "and the notes and claims secured thereby" were assigned by Sky Bank, the successor to Mahoning National Bank, to MERS on March 28, 2006. (9/23/08 Stipulation.) MERS assigned the mortgage "together with the Note or Notes or other evidence of indebtedness" to Christiana Bank on October 22, 2007. (9/23/08 Stipulation.) Since the parties have stipulated to the assignment of both the mortgage and any indebtedness associated with the mortgage, summary judgment could not have been denied due to lack of evidence of proper assignment.

{27} Appellants also claim that the trial court should not have granted summary judgment to the bank on the foreclosure action after it had already ruled against the bank with respect to personal judgment on the promissory note. There is

no contradiction in the two rulings by the trial court, which can be better understood by examining what occurred in the *Green* case. It is obvious from the procedural history of *Green* that Washington Mutual abandoned its attempt to obtain a personal judgment on the promissory note due to the debtor's discharge in bankruptcy. However, the case was permitted to proceed on the mortgage alone. There was no question that the case could be litigated on the mortgage, alone, even without any possibility or attempt to receive a judgment on the promissory note. "[A]n action praying for judgment on a note and foreclosure on a mortgage raises two issues. The first issue presents the legal question of whether the mortgagor has defaulted on the note. The second issue entails an inquiry into whether the mortgagor's equity of redemption should be foreclosed." *Metropolitan Life Ins. v. Triskett Illinois, Inc.* (1994), 97 Ohio App.3d 228, 234, 646 N.E.2d 528. Christiana Bank is correct that an action for personal judgment on a promissory note is completely separate from an in rem action for foreclosure on a mortgage securing the note.

{28} Appellants' argument is also problematical because they are assuming that the only debt being secured by the mortgage is a promissory note, when in fact, the debt consists of an open-ended home equity line of credit. Although Appellants deny that there is any such line of credit agreement in the record, the home equity loan documents are attached to Christiana Bank's amended complaint. (1/17/08 Amended Answer, Counterclaim and Crossclaim, attachment.) The mortgage secures any and all indebtedness arising from the home equity loan, whether it stems from the issuance of a promissory note or from the line of credit. The fact that no

promissory note is part of the record does not undermine the fact that the mortgage also secured this line of credit.

{29} Appellants also mistakenly argue that the current amount of their debt was not established. The record contains the affidavit of Charlene Lundblade, an asset manager of Christiana Bank, stating that the principal balance due was $51,893.58, and the record contains a statement of account that also reflects this amount of indebtedness. Appellants are not arguing that they did not incur the debt or that they have paid the debt. They are simply arguing that Christiana Bank has not provided adequate proof of the debt or of the bank's standing to prosecute this foreclosure action. The record clearly does contain the proof needed to sustain a foreclosure action, and this evidence was not rebutted. Therefore, there was no error in granting summary judgment to Christiana Bank. Appellants' first and second assignments of error are overruled.

{30} In conclusion, Appellants have failed to establish error in allowing Christiana Bank to file an amended answer and counterclaim, or error in the trial court's decision to grant summary judgment to the bank on the foreclosure action. Christiana Bank filed its amended answer and counterclaim soon after Appellants defaulted on their loan; a different and additional loan from the one that formed the original basis of this case in 2003. Although Christiana Bank did not produce the actual promissory note as evidence in the foreclosure action on the mortgage, they did produce evidence of the existence of the note, and they produced evidence of a home equity line of credit that was also secured by the mortgage. There was no

genuine dispute over any material fact in this case, and summary judgment in favor of the bank was appropriate. The judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, J., concurs.